Leslie A. Berkoff, Esq.
MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, NY 10018
Tel: (212) 239-2000
lberkoff@moritthock.com

*Attorneys for Pravati Capital*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
In re:

JOHN G. BALESTRIERE,

                    Debtor.
----------------------------------------------------------------------x

: Chapter 7
:
: Case No. 24-11422-lgb
:
:

# EX PARTE APPLICATION FOR AN ORDER DIRECTING DEBTOR TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004

Pravati Capital ("Pravati"), as a creditor and party in interest in the above-captioned chapter 7 bankruptcy case (the "Bankruptcy Case") of John G. Balestriere (the "Debtor"), through its attorneys, Moritt Hock & Hamroff LLP, hereby submits its application for the entry of an order, annexed hereto as *Exhibit A*, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the examination of the Debtor and requiring that documents responsive to the Document Requests attached hereto as *Exhibit B* be produced in connection with, and in advance of, the examination. In support of this Application, Pravati respectfully represents the following:

## PRELIMINARY STATEMENT

1. Through this Motion, Pravati seeks entry of an order pursuant to Bankruptcy Rule 2004 directing the Debtor to produce documents and to appear for an examination regarding the

Debtor's obligations owed to Pravati arising from certain agreements more fully described below, the Debtor's actions in carrying out such obligations, the facts and circumstances leading to entry of a Final Award (as defined and described below) prior to the filing, as well as, the alleged transfer by the Debtor of corporate and/or personal assets both prior to and after the bankruptcy filing to a new law firm created by the Debtor subsequent to the filing of the instant case.

## BACKGROUND

2. On August 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code.

3. Pravati provides litigation funding to law firms for all types of commercial cases.

4. Beginning in 2018 and lasting until on or about March 18, 2021, Pravati advanced litigation funding to Balestriere PLLC, a New York based law firm that does business under the name Balestriere Fariello ("BF") totaling in excess of $5,550,000.00.

5. On or about September 17, 2020, Pravati and BF executed an Omnibus Legal Funding Contract and Security Agreement (the "Agreement") wherein BF acknowledged the outstanding amounts owed to Pravati (at the time the Agreement was executed, BF owed Pravati $6,942,908.11 in outstanding principal and interest) and Pravati agreed to provide up to $2.5 million in additional funding to BF.

6. Concurrently with execution of the Agreement, the Debtor executed a Limited Guarantee Agreement wherein the Debtor personally guaranteed BF's payment obligations under the Agreement.

7. BF failed to meet its payment obligations under the Agreement, and on or about June 22, 2021 Pravati sent BF a Notice of material default demanding immediate payment of the

amounts then owing. Pravati separately sent the Debtor a Demand to Guarantor demanding immediate payment of BF's outstanding debt to Pravati.

8. Thereafter, on or about May 31, 2022, Pravati filed a demand for arbitration with the American Arbitration Association against the Debtor and Balestriere PLLC captioned, <u>Pravati Investment Fund IV, LP v. Balestriere PLLC and John G. Balestriere</u>, AAA Case No.: 01-22-0002-2850 (the "<u>Arbitration</u>").

9. On or about March 7, 2024, a Final Award[1] was obtained in the Arbitration, pursuant to which the Debtor and Balestriere PLLC were found liable to Pravati for damages in the amount of $16,153,364.93 (the "<u>Judgment</u>"), including principal amounts and outstanding interest.

10. By virtue of the Agreement, Pravati maintains a lien in the prospective recoveries in a multitude of cases which Pravati funded.

11. Upon information and belief, on or about August 28, 2024, the Debtor formed a new law firm: Balestriere Law Firm PLLC ("<u>BLF</u>").

12. Upon information and belief, the Debtor has improperly caused BF to transfer assets to BLF after the Petition Date, assets in which Pravati maintains a lien.

13. Moreover, upon information and belief, by virtue of the instant filing, many cases are not being appropriately managed and may have been abandoned to the detriment of the underlying clients, which will diminish or extinguish any recovery in the same. It is imperative that Pravati obtain information concerning the same.

14. The Debtor's actions are adversely impacting Pravati's rights to collect upon its Judgment.

---

[1] The Final Award in the Arbitration is currently in the process of being confirmed in the State of Arizona where the Arbitration took place.

15. In order to both determine what steps are appropriate to take, vis a vis recovery of assets alleged to be improperly transferred by the Debtor, as well as determine if a basis exists to seek to block the Debtor's discharge in its entirety or the dischargeability of the Debtor's debt owed to Pravati, Pravati seeks production of certain documents from the Debtor and to take the Debtor's examination.

16. Further, to the extent that the potential claims against the Debtor may flow from actions undertaken by him in connection with the operation of his law firm *i.e.*, BF, certain of the requests are directed to information that will need to come from BF an entity which the Debtor, upon information and belief, is the sole owner of and has control of for these purposes.

## JURISDICTION

17. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1109(b) of the Bankruptcy Code and Bankruptcy Rule 2004.

## RELIEF REQUESTED

18. Pravati seeks the entry of an order substantially in the form annexed hereto as *Exhibit A* authorizing service of a subpoena to procure the production of documents by the Debtor and directing the Debtor to sit for an examination for the purpose of investigating the facts and circumstances identified above which may serve to support claims against the Debtor herein.[2]

19. Additionally, as part of the discovery sought hereunder, Pravati is looking for the right to create a mirror image of BF's hard drive in order to protect and preserve any information

---

[2] Notice of the instant Application and the exhibits thereto were provided to (1) the Debtor's Counsel; (2) the United States Trustee; and (3) the Chapter 7 Trustee's counsel by ECF notification and (4) delivery via Email to the Debtor's counsel.

and documentation necessary to protect and preserve Pravati's rights against the Debtor, BF and potentially BLF.

**BASIS FOR RELIEF**

20. Bankruptcy Rule 2004 (a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." The Court may order the examination of any person and the production of documentary evidence relating to the property and financial condition and operations of a debtor, or to any matter which may affect the administration of the debtor's estate. The matters on which Pravati seeks discovery are within the parameters of Bankruptcy Rule 2004, because they relate to the property and assets of the Debtor, the actions of the Debtor and/or potential claims objecting to the Debtor's discharge and/or dischargeability of the Debtor's debts.

21. Bankruptcy Rule 2004 states, in relevant part:

   (a) <u>Examination on Motion</u>. On motion of any party in interest, the court may order the examination of any entity.

   (b) <u>Scope of Examination</u>. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

   (c) <u>Compelling Attendance and Production of Documentary Evidence</u>. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004. Bankruptcy Rule 2004 provides for very broad discovery. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (*citing Cameron v. United States*, 231 U.S. 710, 717 (1914)).

22. Indeed, the investigative power embodied in Rule 2004 is so broad that an examination thereunder can "legitimately be in the nature of a fishing expedition." *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); *see also In re Hilsen*, No. 87-11261, 2008 Bankr. LEXIS 2123, at *1-*2 (2d Cir. July 25, 2008) (same); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (same); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (same). Here, the predicate for the discovery sought by Pravati has been established by the need to investigate whether grounds to object to discharge or dischargeability of debts exist, as a result of the Debtors actions in connection with the Agreement, facts leading to entry of the Judgment, the transfer of the Debtor's assets in an apparent effort to defeat Pravati's right to collect on its Judgment and Pravati's claims against the Debtor.

23. Thus, the subject matter of the proposed discovery lies well within the ambit of Bankruptcy Rule 2004.

WHEREFORE, Pravati requests entry of an order authorizing a subpoena providing for the examination of the Debtor, directing the Debtor to produce the documents identified Exhibit B, and sit for examination subsequent thereto and granting such other further relief as the Court deems just and proper.

Dated: New York, New York
     November 15, 2024        MORITT HOCK & HAMROFF LLP

                                    By: */s/ Leslie A. Berkoff*
                                          Leslie A. Berkoff
                                    1407 Broadway, 39th Floor
                                    New York, NY 10018
                                    Tel: (212) 239-2000
                                    lberkoff@moritthock.com

                                    *Attorneys for Pravati Capital*