# EXHIBIT B

## DEFINITIONS

1. "<u>And</u>" and "<u>or</u>" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2. "<u>BF</u>" shall mean Balestriere PLLC d/b/a Balestriere Fariello and all of its agents, representatives, employees, contractors, attorneys and all other persons acting or purporting to act on its behalf or for its benefit.

3. "<u>BLF</u>" shall mean Balestriere Law Firm PLLC and all of its agents, representatives, employees, contractors, attorneys and all other persons acting or purporting to act on its behalf or for its benefit.

4. "<u>Communication</u>" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether including orally (in conferences or conversations, or otherwise, including but not limited to, oral statements, telephone conversations, voice mail messages, negotiations, conferences and meetings (however, formal or informal)), and by writing, including by document, e-mail, text message, notes, and any other written form of communication.

5. "<u>Debtor</u>" shall mean John G. Balestriere and all of his agents, representatives, attorneys, and any other person acting or purporting to act on his behalf or for his benefit.

6. "<u>Document</u>" shall mean, but is not limited to, all paper and electronic documents as well as the following items: agreements; contracts; communications, including intracompany communications; records including notes, memoranda, reports, and summaries; correspondence; letters; record books; opinions; e-mails; word-processing files; spreadsheets (with formulas); databases; presentation files; accounting files; desktop publishing/graphic files; TIFF files; .pdf images and files; JPEG files; data files; logs of internet activity (including cookies cache files and

3743938v1

web site visit data); archived media as well as any primary or back-up files); records of personal conversations or interviews; forecasts; statistical statements; cost summaries; accountants' or bookkeepers' work papers, graphs, charts or accounts; logs (including all cell phones, computers, and applications); analytical records; records of meetings, conference or telephone calls; records of investigations; audits; opinions or reports of consultants' appraisals; notices; projections; drafts of documents; working papers; checks, front and back; check stubs/receipts; invoices, front and back, and any attachments thereto; or any other documents or writings, in the possession, custody or control of You, Your agents, or any other persons acting or purporting to act on Your behalf. These definitions include drafts of all "Documents" regardless of whether they were executed or not.

7. "Legal Matter" means any dispute, claim lawsuit, administrative proceeding, regulatory action, or other formal legal process involving or potentially involving the application or enforcement of legal rights, duties or obligations. This includes matters that are currently pending, threatened, or reasonably anticipated, whether in civil, criminal, or administrative courts or before and governmental or regulatory body.

8. "Petition Date" means August 16, 2024.

9. "You" or "Your" means the Debtor.

## INSTRUCTIONS

The following instructions shall be considered to be applicable to all requests for the production of documents (the "Requests") contained herein:

1. These Requests cover all information responsive to these Requests which is in the possession, custody or control of Debtor, including, but not limited to, Documents to which Debtor has the right to possess.

3743938v1

2. Debtor is requested to produce the original and all non-identical copies, including drafts, of each document requested. If Debtor is not able to produce the original of any Documents, please produce the best available copy and all non-identical copies, including drafts.

3. If Debtor claims that there is any ambiguity in any Request contained herein, such ambiguity should be construed in favor of the production of more Documents rather than fewer Documents.

4. For each Document produced, identify the Request to which it is responsive.

5. Except as specifically provided herein, words imparting the singular shall include the plural and vice versa, where appropriate.

6. All electronic documents and electronically stored information must be produced as single page Group IV TIFF image files, with accompanying text files, with full search capability, along with all metadata, full text/OCR, and Concordance load files. Each image should have a unique file name and should be named with the DocID or Bates number assigned to it. Extracted full text and/or OCR shall be provided in the format of .txt files. Each text file should match the respective TIFF filename. Accompanying metadata shall be provided. You shall include the image cross-reference file (.OPT), and the data load files (.DAT) which contains all of the fielded information, following standard Concordance default delimiters. A full list of specifications for Concordance is available upon request. All spreadsheets and Excel documents are to be produced in native format. Defendants reserve the right to request that any electronic documents be produced in its native file format. Parent-child relationships (those associations between an attachment and its parent record) should be preserved.

7. Documents are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document

3743938v1

produced in response to these Requests:

    a. Specify the nature of the material deleted;

    b. Specify the reason for the deletion; and

    c. Identify the person responsible for the deletion.

8. Each subpart of a Request shall be answered with the same force and effect as if it were a separate request.

9. If Debtor is unable to produce Documents or Communications in response to a Request, Debtor shall state the steps taken by him to locate responsive Documents and Communications.

10. If a claim of privilege is asserted by Debtor as to the production of any Document or portion thereof or to disclosing any information contained therein, Debtor shall: (1) state the nature of the privilege(s) asserted; (2) state in detail the underlying factual basis for the claim of privilege; and (3) provide:

    a. the title of the Document;

    b. the nature and type of the Document;

    c. the general subject matter of the Document;

    d. the date of the Document;

    e. the author or sender and addressee of the Document; and

    f. the name of each person to whom the original or a copy was shown or circulated, including the names appearing on any circulation list relating to the Document.

11. To the extent Debtor considers any of these Requests objectionable, Debtor shall produce all Documents responsive to each Request, and each part thereof, as is not objectionable, in Debtor's view, and separately state that part of each Request as to which Debtor raises an

objection and each ground for each such objection. his instruction does, however, alter Your time to object.

12. If any Document requested is no longer in Debtor's possession, custody, or control, or has been lost, discarded, destroyed, or is not available for production for any reason whatsoever, state:

   a. What was done with the Document;

   b. When the Document was made;

   c. the identity of all persons who prepared, signed and/or were involved with the Document;

   d. the identity of all persons who prepared, signed and/or were involved with the Document;

   e. the identity of all persons to whom the Document was circulated or its contents communicated;

   f. the name and address of the current custodian of the Document;

   g. the name and address of the person known to have last possessed the Document;

   h. the person(s) who made the decision to transfer, discard or dispose of the Document;

   i. the reasons for the transfer or disposition; and

   j. when the Document was lost, discarded, destroyed or disposed.

13. Unless otherwise specified, the time frame covered by these Requests shall be January 1, 2018 through the present date.

**REQUEST FOR PRODUCTION OF DOCUMENTS (DEBTOR)**

1. Any and all bank statements for every bank account maintained by or on behalf of the Debtor for the period March 1, 2018 until the Petition Date. This Request includes all domestic or foreign accounts and includes, but is not limited to, legal client trust accounts and firm operating

3743938v1

accounts.

2. Any and all bank statements for every bank account maintained by or on behalf of BF for the period March 1, 2018 until the Petition Date. This Request includes all domestic or foreign accounts and includes, but is not limited to, legal client trust accounts and firm operating accounts.

3. Any and all checkbooks and/or ledgers for every bank account maintained by or on behalf of the Debtor for the period March 1, 2018 until the Petition Date. This Request includes all domestic or foreign accounts and includes, but is not limited to, legal client trust accounts and firm operating accounts.

4. Any and all checkbooks and/or ledgers for every bank account maintained by or on behalf of BF for the period March 1, 2018 until the Petition Date. This Request includes all domestic or foreign accounts and includes, but is not limited to, legal client trust accounts and firm operating accounts.

5. A mirror image of BF's hard drive in order to protect and preserve any information and documentation necessary to protect and preserve Pravati's rights against the Debtor and BF.

6. Any and all statements or records for trust, brokerage, retirement, or any other manner of money-management account or investment vehicle managed or maintained by or on behalf of the Debtor for the period March 1, 2018 until the Petition Date.

7. All federal and state tax returns (including all schedules thereto) filed by the Debtor for the 2018, 2019, 2020, 2021, 2022, and 2023 tax years.

8. All deeds, leases, mortgages, assignments, or other written instruments evidencing an interest in or ownership of real property, (including any apartments), or income derived from real property, by the Debtor at any time since March 1, 2018 until the Petition Date.

3743938v1

9. All appraisals for any real property owned by the Debtor from March 1, 2018 to the Petition Date.

10. Any and all Documents related to the lease, purchase, or rental agreement of the property located at 395 South End Ave., Apt 7CC, New York, NY 10280. This includes, but is not limited to, Documents showing the ownership of the property.

11. Any and all Documents and Communications related to the lease, purchase, or rental agreement of the property for which Debtor owes a debt to Marina Towers Associates as listed on the Debtor's Petition and Schedules. This includes, but is not limited to, Documents showing the ownership of the property.

12. Any and all Documents and Communications related to the lease, purchase, or rental agreement of the property for which Debtor owes a debt to Braun Management as listed on Schedule F of his Petition and Schedules. This includes, but is not limited to, Documents showing the ownership of the property.

13. Any and all Documents and Communications related to the valuation of Debtor's personal property as identified on Schedule A/B of the Debtor's Petition and Schedules.

14. Any and all Documents and Communications reflecting notices of appearance and substitution of counsel related to the cases in which BF and BLF have both appeared.

15. Any and all Documents reflecting the formation of BLF, the ownership of BLF any membership or operating agreements related thereto.

16. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Balestriere Fariello v. Bernstein et al.*, Case No.: 1:18-cv-12404-ALC (S.D.N.Y. 2018).

17. Any and all Documents and Communications related to the settlement of any party

3743938v1

involved in the matter: *Stone v. Prudential Financial, Inc.*, Case No.: 2:21-cv-14610 (D. N.J. 2021).

18. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Varghese v. Balestriere Fariello et al.*, NYSCEF Case No.: 651665/2024 (N.Y. Sup. Ct. 2024).

19. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Rosanne Vrugtman et al. v. Its Just Lunch International LLC*, Case No.: 5:20-cv-02352 (C.D. Cal. 2020).

20. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Stubbs et al v. Gerken et al.*, Case No.: 3:21-cv-01525 (D. Conn. 2021).

21. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Glander International Bunkering Inc. v. M/V Teresa*, Case No.: 1:21-cv-06830 (E.D.N.Y. 2021).

22. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Lamda Solutions Corp. v. HSBC Bank USA, N.A.*, Case No.: 1:21-cv-02259 (S.D.N.Y. 2022).

23. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Nicomedez v. City of New York et al.*, Case No.: 1:19-cv-04470 (E.D.N.Y. 2019).

24. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Dhue v. O'Reilly*, Case No.: 1:18-cv-02547 (S.D.N.Y. 2018).

25. Any and all Documents and Communications related to the settlement of any party involved in the matter: *Lapushner v. Admedus Ltd. et al.*, Case No.: 1:18-cv-11530 (S.D.N.Y.

2018).

26. Any and all documents related to any case for which Debtor received hourly (since September 18, 2020) or contingency pay (since January 15, 2019) for his legal services, but did not remit the same to Pravati Capital LLC since September 19, 2020. This includes, but is not limited to, payments made in connection with the *Silver Sands Motel Inc et al v. Long Island Capital Management et al*, 2:21-cv-01224 (E.D.N.Y. 2021) case.

27. Any and all Documents related to Legal Matters in which Debtor has withdrawn as an attorney of record, but maintains a financial interest, contingent or otherwise.

28. Any and all Documents related to any and all entities in which Debtor owns or maintains a direct or indirect financial interest.

29. Any and all Documents related to any Legal Matters in which Debtor has, or has had, a financial interest in but did not himself appear as counsel.

30. Any and all Documents related to any Legal Matters in which Debtor is currently a party to, or is serving as an attorney.

31. All Documents and Communications concerning the formation and ownership of BF.

32. All Documents and Communications concerning the formation and ownership of BLF.

33. Copies of any personal financial statements prepared by the Debtor, or on the Debtor's behalf, from March 1, 2018 to the Petition Date.

34. To the extent not otherwise produced herein, copies of all Documents and

Communications evidencing the amount and description of the Debtor's liabilities as identified on Schedule D and Schedule E/F of the Debtor's Petitions and Schedules from March 1, 2018 to the Petition Date.

35. All other Documents and Communications in the Debtor's possession, custody or control which have or may contain information concerning the Debtor's property, assets and or income.

3743938v1