**BARCLAY DAMON LLP**
Janice G. Grubin, Esq.
Ilan Markus, Esq.
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone: (212) 784-5800
JGrubin@barclaydamon.com
IMarkus@barclaydamon.com

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

JOHN G. BALESTRIERE,

                             Debtor.

-----------------------------------------------------------X

Chapter 7

Case No. 24-11422-lgb

## OBJECTION TO *EX PARTE* APPLICATION OF YIFAT V. SCHNUR AND YIFAT V. SCHNUR, ESQ., LLC TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004

John G. Balestriere. (the "Debtor") by and through his undersigned attorneys, files this Objection (the "Objection") to the *Ex Parte* Application (the "Application")[1] of Yifat V. Schnur ("Schnur") and Yifat V. Schnur, Esq., LLC ("Schnur Firm" and, together with Schnur, the "Schnur Parties") pursuant to Bankruptcy Rule 2004, and the Debtor's Declaration in Support of the Objection, and respectfully represents:

---

[1] Although the title of the Application only references document production under Rule 2004, in the wherefore clause and proposed order granting the Application, the Schnur Parties also seek permission from the Court to orally examine the Debtor via Rule 2004. Although not disclosed in the Application, approximately six months ago, the Schnur Parties took the deposition of the Debtor for 7.5 hours regarding, among other things, the Schnur Parties' claims against the Debtor. For the reasons set forth herein, the Application to orally examine the Debtor again must be denied. To the extent the Court permits Pravati, the other 2004 exam applicant, to orally examine the Debtor under Rule 2004, Pravati and the Schnur Parties should be limited to one joint, limited examination under all of the circumstances set forth herein.

**PRELIMINARY STATEMENT**

The Application should be denied: it is the latest salvo in a six-year long harassment campaign which Schnur's client, Howie Rubin ("Rubin"), has waged against Debtor as retaliation for Debtor successfully prosecuting claims against Rubin for engaging in years long, seriously violent sex trafficking of victims (the "Victims") where Rubin lost at trial in April 2022. *Lawson et al. v. Rubin et al.*, Eastern District of New York, Index No. 1:17-cv-06404-BMC (the "Sex Trafficking Action").

The Schnur Parties make their Application – which is almost certainly paid for by Rubin, just as both he and Schnur have admitted under oath that Rubin has for years paid for the costs of other litigation where Schnur and her law firm are plaintiffs (including the fees for the very lawyers which represent the Schnur Parties in this bankruptcy) – both (i) to seek advantage in that separate pending proceeding in New York State Court, *Schnur, et al. v. Balestriere, et al.*, Index No. 160095/2018 (the "State Action") and (ii) after filing their complaint [Dkt. No. 31 and Adv. Pro. No. 24-04026, Dkt. No. 1, dated November 18, 2024] objecting to dischargeability of the Schnur Parties' alleged claims against the Debtor (the "Schnur Parties' Bankruptcy Action"), with plans to file a second adversary proceeding objecting to discharge and/or dischargeability telegraphed by way of their pending motion to extend the time to file a complaint (the "Extension Motion") [Dkt. No. 29].[2]

The Application should be denied, or at least strictly limited to requests related to discharge; aside from being harassing here, Rule 2004 requests related to dischargeability are impermissible pursuant to the pending proceeding doctrine, and any discovery related to

---

[2] It is not clear as to why the Schnur Parties seek an extension of time to file a discharge and dischargeability complaint when they timely filed their dischargeability complaint on November 18, 2024. As discussed herein, that request for relief in the Application should be denied, as moot.

2

dischargeability is governed by Part VII of the Federal Rules of Bankruptcy Procedure. Of great significance is that granting the Application could mean turning over highly personal and confidential information of Debtor and the Victims (as well as other sex abuse victims whom Debtor has represented) that almost certainly will end up in the hands of a violent, very well-resourced man, Rubin, whose criminal[3] sex trafficking campaign was stopped by Debtor.

Since at least 2017 Schnur has represented Rubin, who had by that time been running a sex trafficking venture (the "Venture") for years, working with others to recruit women from around the country to come to New York where Rubin maintained an apartment in midtown Manhattan. Once at Rubin's apartment, Rubin's colleague, Jennifer Powers, another client of Schnur's, would obtain signed non-disclosure agreements from the women – who did not speak to lawyers before signing the document they saw for the first time, and often were not legally sophisticated. After this, Rubin, sometimes with a companion, would restrain the Victims so they could not escape, place gags in their mouths so they could not speak, and then punch, kick, whip, beat, electrocute, and rape them.

In summer 2017 one of the Victims revealed to her criminal defense lawyer the existence of the Venture, after which that Victim and eventually more than half a dozen other Victims of the Venture hired Debtor's firm to investigate and eventually sue Rubin and anyone involved in his Venture in the Sex Trafficking Action. In clear retaliation for Debtor representing the Victims in the Sex Trafficking Action, as well as others who sued or threatened to sue Rubin, starting in late 2018 Rubin began paying the expenses for the State Court Action. There the Schnur Parties sued Debtor, Debtor's then law firm Balestriere Fariello ("BF"), a paralegal at BF, three lawyers at BF

---

[3] Sex trafficking under the Trafficking Victim Protection Act is a crime, 18 U.S. Code § 1591, but Debtor, a private attorney, represented the Victims in a civil claim under the private right of action created by the statute (s*ee* 18 U.S. Code § 1595).

3

(all of whom worked on the case against Rubin), the criminal defense lawyer who had represented one of the Victims who disclosed the existence of the Venture, that lawyer's firm, and the six Victims from the Sex Trafficking Action themselves.

The Schnur Parties' basis for bringing the State Action was that the initial complaint, which was based on BF's pre-suit investigation into the Venture, named Schnur as a defendant. The judge in the Sex Trafficking Action granted Schnur's motion to dismiss her from the case and a motion for sanctions against Debtor.[4]

Discovery by Rule 2004 examination should largely be foreclosed here because not only is there a six year old post-discovery pending proceeding (the State Action), but the complaint commencing the Schnur Parties' Bankruptcy Action parrots substantially the allegations in the State Action complaint and their pending Extension Motion announces a soon-to-be-filed discharge complaint. Indeed, after almost six years, Schnur filed a Note of Issue in the State Action on September 11, 2024, indicating that all discovery was closed. *See* Exhibit 1 attached hereto. In other words, the Schnur Parties have already completed discovery in the State Action in which they have asserted their claims against the Debtor, among others, over the last six years. And as described below, established law requires denial of their attempt to pursue additional, duplicative

---

[4] Debtor acknowledged to the Sex Trafficking Action court that he advised the Victims that they held a claim against Schnur; not simply because Schnur represented Rubin, but because Debtor and several Victims believed she was part of Rubin's Venture. Debtor's conclusion was based on his investigation, including that (1) Debtor believed Schnur had attempted to interfere in the attorney-client relationship of one of the Victims and her criminal defense lawyer in summer 2017 at the very moment such Victim was about to share details of Rubin's venture; (2) three of the Victims believed that Schnur had drafted the non-disclosure agreements to lead the Victims to the false belief that they could not report Rubin for his crimes (and there is no dispute that Schnur drafted an agreement with one Victim to procure that Victim's silence); and (3) during pre-suit discussions Schnur acted in such a way that led Debtor, a former organized crime prosecutor, to believe that Schnur could have been procuring delay for her clients to destroy the physical evidence of Rubin's Venture. Indeed, whether Schnur was involved or not, discovery in the Sex Trafficking Action made clear that Debtor's belief was correct: within an hour of Debtor's very first phone call with Schnur, Jennifer Powers, Schnur's client and Rubin's lieutenant, began taking steps successfully to destroy evidence such that the jury never saw the actual tools of Rubin's assault and rape.

discovery via Rule 2004 examination after filing a Section 523 dischargeability action against the Debtor.

Certainly, no discovery related to the conduct at issue in the Schnur Parties' Bankruptcy Action, which is based on the same exact conduct as that at issue in the State Action, should be permitted. The Application should be judged under the pending proceeding rule – both with regard to the pending dischargeability adversary proceeding and the soon-to-be-commenced discharge adversary proceeding -- and denied on that basis alone. At a minimum, if the Court permits any discovery under Rule 2004, the Schnur Parties' discovery should be strictly limited to (a) protect confidentiality and privileges for all clients of all law firms involved and (b) only that discovery of information and documents related to discharge to which a good faith creditor would be due after application of the pending proceeding rule. The Debtor reserves all rights to respond to any specific demands that he believes are objectionable, including those in Application, Exhibit B.

## The Confidences, Privileges, and Rights of All Law Firm Clients, Including the Victims, Must Be Protected

In the Application, the Schnur Parties request that the Debtor deliver to them, within 30 days, a "mirror image of BF's hard drive" supposedly to "protect and preserve the Schnur Parties' rights against the Debtor and BF." They provide no basis for this extraordinary relief – they do not claim, for example, that there is any risk that Debtor, a lawyer, is going to violate any litigation hold because Debtor is not going to modify or move or change any data (backed up the declaration which Debtor, unlike the Schnur Parties, files with this paper). As Schnur (and Rubin) know well, BF's hard drive contains thousands of attorney-client privileged communications, work product privileged documents, personally identifiable information, and other non-public confidential information (the "Privileged and Confidential Data") of all of BF's current and former clients, including importantly, the Victims – to whom Schnur and her client,

5

Rubin, are directly adverse in litigation and otherwise. Any production made here – and there should be none -- must exclude all Privileged and Confidential Data.[5]

At a minimum, if the Court directs that a mirror image of non-debtor BF's hard drive be created (the "Hard Drive Copy"), the Privileged and Confidential Data and the Victims and all of BF's former clients must be protected by requiring any Hard Drive Copy to be delivered to Debtor's counsel or a neutral escrow agent, and not to the Schnur Parties and Rubin, as they have requested, with Debtor's counsel or neutral escrow agent to respond to specific, appropriate discovery requests.

### The Schnur Parties' Misrepresentations, Unclean Hands, and Motives Warrant Denial of the Application

It is clear to the Debtor that the Schnur Parties – whose Rubin-paid-for lawyers deposed Debtor earlier this year – are only making their discovery demands to assist Rubin's now years of attempts to undermine Debtor's ability to assist the Victims in their case against Rubin. In their Application, the Schnur Parties, without citing to evidence (because there is none), allege, among other things, that the "Debtor has improperly caused his prior law, Balestriere PLLC, a New York based law firm that does business under the name Balestriere Fariello ("BF") to transfer assets to BLF after the Petition Date." Application, ¶ 10. The unsupported allegations in paragraphs 10 and 11 of the Application are denied by the Debtor. This Court should not permit the Schnur Parties to use a Rule 2004 exam to overreach and advantage themselves, alleged creditors with a pending proceeding against the Debtor.

"The decision to grant or deny a request for Rule 2004 discovery rests in the sound discretion of the court." *In re Brown*, 2018 Bankr LEXIS 3138, at *10-11 (Bankr S.D.N.Y. Oct. 11, 2018) citing *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("[a]s the

---

[5] The Debtor respectfully submits that any order granting the Application must provide that Schnur pay, in advance, the actual out of pocket costs and fees associated with non-Debtor BF or BLF responding to requests for information or production.

permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination"); *see also In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (Rule 2004 gives the court "significant" discretion).

"In granting such a request, the court must make a finding of good cause for the examination." *Brown,* at *10-11, citing *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004). "In assessing the merits of a request to conduct a Rule 2004 examination, the Court must 'balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.'" *Brown,* at *11, quoting *Drexel Burnham*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

"The scope of Rule 2004 examinations should not be so broad as to be more disruptive and costly to the debtor than beneficial to the creditor." *Brown,* at *11; citing *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y.1987). Here, the Application should be denied, or at least the proposed order granting it significantly modified to remove duplicative, overlapping, inappropriate, objectionable, privileged or unnecessary 2004 exam document requests, because of a lack of good faith, including in its overboard requests to a non-Debtor law firm representing Victims, and application of the pending proceeding rule.

### Since the Schnur Parties Have Sued the Debtor in This Case Already They Are Bound by the Pending Proceeding Rule

The Schnur Parties are litigating against Debtor in one case (the State Action) and have filed their dischargeability complaint in this Court (with a discharge complaint soon to follow), meaning that Rule 2004 is no longer available to them and that they and Rubin's lawyers must avail themselves of the discovery rules in Part VII of the Federal Rules of Bankruptcy Procedure like any other litigant. *In re Drexel Burnham Lambert Grp.*, 123 B.R. 702 at 708 (Bankr. S.D.N.Y. 1991). *See also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y.

2002) ("once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004.")

Denial of the Application is particularly appropriate here given the "pending proceeding" rule which reflects the concern that a party to litigation, like the Schnur Parties, will use Bankruptcy Rule 2004, rather than civil discovery, as a back door to obtain one-way "discovery" of documents or information relevant to the lawsuit. *Enron Corp.*, 281 B.R. at 841; *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29-30 (Bankr. N.D.N.Y. 1996) (Rule 2004 discovery is not appropriate where it would "unavoidably and unintentionally create a back door" to discovery in another proceeding and should not be permitted of persons or entities that are parties to or affected by the pending adversary proceeding).

The prohibition on the use of Rule 2004 by a party to a pending adversary proceeding "lies in the distinction between the broad fishing expedition-like nature of the Rule 2004 exam … and the more restrictive nature of discovery under Fed. R. Bankr. P. 7026–7037" so that courts conclude that the party seeking to invoke Rule 2004 is likely seeking to avoid the procedural protections of the discovery rules of civil procedure applicable to an adversary proceeding and gain an unfair advantage. *In re 2435 Plainfield Ave.*, Inc., 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (internal citations omitted). *Accord In re Washington Mutual, Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009). The potential for abuse exists because of the virtually non-existent safeguards for Rule 2004 discovery versus the extensive safeguards of civil litigation discovery.

The Schnur Parties are attempting to do precisely what the pending proceeding rule was designed to prevent. The broad, unfettered Rule 2004 discovery it seeks –which even includes seeking a "mirror" of *all* the documents of any kind which Debtor's old law firm BF

maintains without regard to former client protections, such as the attorney-client and other privileges (*see* Application; Exhibit B, at ¶5) – is part of Rubin's retaliation strategy. It is an impermissible attempt to get through-the-back-door one-way discovery from Debtor without any of the protections afforded by the Part VII Rules of Bankruptcy Procedure. This foray should not be permitted and warrants denial of the Application.

### If Any Discovery is Warranted, it Should Be Greatly Limited

If any discovery is permitted, its scope should be far more limited so as to prevent Schnur and her patron Rubin to continue their harassment campaign against Debtor and the Victims. Although Rule 2004 has been said to be a "fishing expedition," it is not without limitation, particularly as here where there is, not one, but two pending actions between the Schnur Parties and Debtor, one an adversary proceeding filed in this case, and one that has been pending for six years in which the Schnur Parties have recently confirmed in a Note of Issue filed with the Court to the State Action court that discovery on these claims is closed. *See* Exhibit 1.

> As recognized by the Court in *Cambridge Analytica*,
>
>> The Bankruptcy Court has the discretion to grant a request for a Rule 2004 examination. Courts have imposed limits on the use of Rule 2004 examinations where the purpose of the examination is to abuse or harass. Similarly, there is a well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the applicable Federal Rules of Civil Procedure, and not Rule 2004. Courts have exhibited similar concerns when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination is to benefit in pending litigation outside of the Bankruptcy Court.
>
> *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (citations omitted).

**WHEREFORE**, the Debtor respectfully requests that the Court exercise its discretion and

a. deny the Application;

b. if the Application is granted, limit the scope of the subject matters of discovery permitted under Bankruptcy Rule 2004 only to those of discharge that are otherwise consistent with this Objection, are not harassing, and that protect all Privileged and Confidential Data; and

c. grant any other relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
November 25, 2024

Respectfully submitted,

By:    */s/Ilan Markus*
Janice B. Grubin, Esq.
Ilan Markus, Esq.
1270 Avenue of the Americas Suite 501
New York, New York 10020
Telephone: (212) 784-5800
JGrubin@barclaydamon.com
IMarkus@barclaydamon.com

*Attorneys for Debtor*

# **EXHIBIT 1**

# NOTE OF ISSUE

Calendar No. (if any) _____
Index No. 160095/2018
Supreme Court, New York County, N.Y.

*For use of Clerk*

Hon. Verna Saunders
Name of Justice Assigned

YIFAT V. SCHNUR and
YIFAT V. SCHNUR, ESQ. LLC,

*Plaintiff/Petitioner*

**NOTICE FOR TRIAL**

_x_ Trial by jury demanded
    _x_ Of all issues
    ___ Of issues specified below
    ___ Or attached hereto
___ Trial without Jury

Filed by Plaintiff
Date summons served 11/5/18; 11/21/18; 12/4/18; 12/6/18; 12/8/18; 12/21/18;1/4/19; 1/21/19
Date service completed 11/19/18; 12/13/18; 12/10/18; 2/10/19; 2/14/19
Date Issue joined 3/22/2021; 3/26/2021;9/29/2023;

-against-

JOHN G. BALESTRIERE, JILLIAN L. MCNEIL, MATTHEW W. SCHMIDT, BRIAN L GROSSMAN, JIN LEE, the law firm of BALESTRIERE FARIELLO, BALESTRIERE LLC, HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PETERSON, LAUREN FULLER, JEREMY SALAND and CROTTY SALAND P.C.,

*Defendant/Respondent*

**NATURE OF ACTION OR PROCEEDING**

_x_ Tort    ___ Motor Vehicle Negligence
        ___ Medical Malpractice
        ___ Other Tort
___ Contract
___ Contested Matrimonial
___ Uncontested Matrimonial
___ Tax Certiorari
___ Condemnation
___ Other (not itemized above) specify: _____

___ This action is brought as a class action

Amount Demanded $ an amount in excess of $100,000,000, (approx: exact amount TBD at trial)
Other Relief _____

Special Preference claimed under _____

on the ground that _____

Insurance carrier(s), if known: _____

Attorney for Plaintiff/Plaintiff Pro Se: Jeffrey Eilender; Paul Stretton
Address: 26 Boardway, New York, NY 10004

Phone Number 212-344-5400

Attorney for Defendant/Defendant Pro Se: See attached Appendix A.
Address: _____

Phone Number _____

# CERTIFICATE OF READINESS FOR TRIAL
(Items 1-7 must be checked)

|   | Completed | Waived | Not Required |
|---|---|---|---|
| 1. All pleadings served............................................... | x |  |  |
| 2. Bill of particulars served......................................... |  |  | x |
| 3. Physical examinations completed........................... |  |  | x |
| 4. Medical reports exchanged..................................... |  |  | x |
| 5. Appraisal reports exchanged ................................. |  |  | x |
| 6. Compliance with rules in matrimonial actions......... |  |  | x |
| 7. Discovery now know to be necessary completed... | x (with the exception of items listed in Appendix B) | | |

8. There are no outstanding requests for discovery.   (with the exception of items listed in Appendix B)
9. There has been a reasonable opportunity to complete the foregoing proceedings.
10. There has been compliance with any order issued to Precalendar Rules (22 NYCRR 202.12)
11. If a medical malpractice action, there has been compliance with any order pursuant to 22 NYCRR 202.56
12. The case is ready for trial.

Dated: September 11, 2024

Signature /s/ Paul Stretton
Print Name Paul Stretton
Attorney for/Party Pro Se Plaintiffs
Address 26 Broadway, New York, New York 10004
Phone Number (212) 344-5400

---

State of New York County of _____ ss:

_____ being duly sworn deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at _____ that on the __ day of _____, 20__ deponent served the within Note of Issue and Certificate of Readiness on _____ attorney(s) for _____ herein at their office located at _____ during their absence from said office

(a) by then and there leaving a true copy of the same with _____ the clerk; partner; person having charge of said office.

(b) and said office being closed by depositing a true copy of same enclosed in a sealed wrapper directed to said attorney(s), in the office letter drop or box

Sworn before me on the __ day of _____, 20__

_____
Notary Public

---

State of New York County of _____ ss:

_____ being duly sworn deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at _____ that on the __ day of _____, 20__ deponent served the within Note of Issue and Certificate of Readiness on _____ attorney(s) for _____ at _____ the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly address wrapper, in -a post office- official depository under the exclusive care and custody of the United States Postal Service within New York State.

Sworn before me on the __ day of _____, 20__

_____
Notary Public

---

Admission of Service
Due service of a note of issue and certificate of readiness of which the within is a copy is admitted this __ day of _____, 20__

_____ Attorney(s) for _____

## **Appendix A**

## **List of Defendants' Counsel and Pro Se Defendants**

**Balestriere Fariello**
John G. Balestriere
Rebecca Gonzalez
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
*Attorneys for John Balestriere, Jillian L. McNeil, Jin Lee, the law firm of Balestriere Fariello, and Balestriere LLC*

**Furman Kornfeld & Brennan LLP**
Christopher D. Skoczen
Rachel Aghassi
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, New York 10005
Telephone: (212) 867-4100
*Attorneys for Jeremy Saland, Esq. and Crotty Saland, P.C.*

**Cozen O'Connor**
Tamar S. Wise
David Margulis
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, New York 10007
Telephone: (212) 883-4924
*Attorneys for Mia Lytell*

**Reinhardt Savic Foley LLP**
Stefan Savic
Justin M. Loveland
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
*Attorneys for Brian L. Grossman*

**Matthew Schmidt** (*pro se*)
116A Main Street
Tiburon, California 94920
Telephone: (415) 390-6075

**Brittany Hassen** (*pro se*)
2928 West 5th Street, Apt. 7T
Brooklyn, NY 11224

**Emma Hopper** (*pro se*)
3400 Stratford Road NE, Apt. 1217
Atlanta, GA 30326

**Amy Moore** (*pro se*)
280 Tuscany Chase Drive
Daytona Beach, FL 32117

**Brittany Reyes** (*pro se*)
4497 Treasure Cove Drive
Fort Lauderdale, FL 33312

**Natasha Tagai** (*pro se*)
2701 Biscayne Blvd, Apt. 7105
Miami FL, 33137

## **Appendix B**

Discovery remains open with respect to the following items:

1. Responses and/or supplemental responses to nonparty subpoenas served on Fox News Network, LLC; The Nielsen Company (US), LLC; AT&T SERVICES, INC; AT&T Inc; TRIBUNE PUBLISHING COMPANY, LLC; and NEWSWEEK DIGITAL LLC.

2. Any and all discovery requests on defendant John Balestriere who petitioned for bankruptcy and is subject to the automatic stay as of the date of this filing.

3. The materials demanded in the letter, dated August 5, 2024, from Jefferey Eilender to John Balestriere.

4. Subject to entry of an appropriate confidentiality order, certain authorizations for psychological records.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| YIFAT V. SCHNUR and YIFAT V. SCHNUR, ESQ., LLC<br><br>*Plaintiff*,<br><br>-against-<br><br>JOHN BALESTRIERE, JILLIAN McNEIL, MATTHEW SCHMIDT, BRIAN GROSSMAN, JIN LEE, the law firm OF BALESTRIERE FARIELLO, BALESTRIERE LLC, HILLARY LAWSON, KRISTINA HALLMAN, STEPHANIE CALDWELL, MOIRA HATHAWAY, MACEY SPEIGHT, ROSEMARIE PETERSON, LAUREN FULLER, JEREMY SALAND and CROTTY SALAND P.C.,<br><br>*Defendants* | Index No.: 160095/2018<br><br>**AFFIRMATION OF SERVICE** |

PAUL STRETTON, an attorney duly admitted to the bar of this State, affirms in accordance with N.Y. C.P.L.R§ 2106(a) under the penalty of perjury, as follows:

1. I am an attorney at Schlam Stone & Dolan LLP, counsel to Plaintiffs Yifat V. Schnur and Yifat V. Schnur, Esq., LLC in this action

2. On September 11, 2024, I caused the attached Note of Issues, Certificate of Readiness for Trial, and Appendices A and B thereto to be served on

Matthew Schmidt at matt@schmidtlc.com
*Pro Se*

Amy Moore at amy2mo@gmail.com; amynicolem82@gmail.com
*Pro Se*

Natasha Tagai at myshoptash@gmail.com
*Pro Se*

Emma Hopper at emma.joycehopper@gmail.com; emmajoyce.mirror@gmail.com
*Pro Se*

Brittany Hassen at brittanyhassen9@gmail.com; brittanyhassen11224@gmail.com
*Pro Se*

Brittany Reyes at britt.r.609@gmail.com
*Pro Se*

      by attaching the Note of Issue, Certificate of Readiness for Trial, and Appendices A and B thereto to the emails sent to the above email addresses

-and -

Christopher D. Skoczen, Esq.
Rachel Aghassi, Esq.
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
*Attorneys for Jeremy Saland, Esq. and Crotty Saland, P.C.*

Stefan Savic
Justin M. Loveland
200 Liberty Street, 27th Floor
New York, NY 10281
*Attorneys for Brian L. Grossman*

John G. Balestriere
Rebecca Gonzalez
225 Broadway, 29th Floor
New York, NY 10007
*Attorneys for John Balestriere, Jillian L. McNeil, Jin Lee, the law firm of Balestriere Fariello, and Balestriere LLC*

Tamar S. Wise
David Margulis
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, New York 10007
Telephone: (212) 883-4924
*Attorneys for Mia Lytell*

      by filing the above-mentioned documents on the New York State E-Filing System (NYSCEF).

3.  I affirm this eleventh of September 2024, under penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: September 11, 2024
      New York, New York

*/s/ Paul Stretton*
Paul Stretton