Leslie A. Berkoff, Esq.
MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, NY 10018
Tel: (212) 239-2000
lberkoff@moritthock.com

*Attorneys for Pravati Capital*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                      :    Chapter 7
                                                            :
JOHN G. BALESTRIERE,                                        :    Case No. 24-11422-lgb
                                                            :
                                                            :
                        Debtor.                             :
------------------------------------------------------------------------x

**REPLY TO OBJECTION TO *EX PARTE* APPLICATION OF PRAVATI CAPITAL TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004**

Pravati Capital, LLC ("Pravati"), by and through its undersigned counsel, respectfully submits this Reply to the Debtor's Objection (the "Objection") to Pravati's *Ex Parte* Application for a Rule 2004 Examination (the "Application"), and states as follows:

**PRELIMINARY STATEMENT**

1. The Debtor's Objection seeks to avoid legitimate discovery efforts by mischaracterizing Pravati's motives, misrepresenting facts, and relying on unsupported claims of harassment. At the outset, Debtor's characterization of Pravati as a "bad faith creditor" is patently untrue. Pravati is a judgment creditor seeking over $16 million pursuant to a judgment entered against both Balestriere PLLC d/b/a Balestriere Fariello ("BF") and the Debtor. Far from being a "bad faith creditor" as the Debtor alleges, Pravati is simply exercising its legal rights as a judgment creditor to obtain information regarding the Debtor's financial affairs and conduct in order to make

an appropriate determination as to whether there are grounds to object to the Debtor's discharge and/or dischargeability of the debts owed to Pravati.

2. Contrary to the Debtor's assertions, Pravati does not currently have the discovery it seeks through its Application. As confirmed by the accompanying Declaration of Ivan Mora, Pravati's Director of Asset Management, sworn to on November 25, 2024 (the "<u>Mora Declaration</u>"), the information sought regarding the Debtor's financial condition, the Debtor's management of cases in which Pravati maintains a lien, the potential transfers of assets from the Debtor's former law firm, BF, to a brand new law firm established less than two weeks after the current bankruptcy filing, i.e., Balestriere Law Firm PLLC ("<u>BLF</u>"), as well as the relationship between BF and BLF remains unknown to Pravati. Without this information, Pravati cannot fully evaluate whether and/or to what extent grounds exist to file a complaint objecting to the Debtor's discharge and/or dischargeability of the debts owed to Pravati—instead the Debtor would seek to force Pravati to blindly file a complaint (which of course he will then seek to challenge) without ensuring that grounds exist to do so. Therefore, this Court should overrule the Debtor's Objection and grant Pravati's Application.

## **ARGUMENT**

### I.  **Pravati is a Legitimate Judgment Creditor That Is Properly Seeking Information Which It Does Not Have Through Rule 2004 Discovery**

3. As stated in the Application, the Debtor and BF were found liable to Pravati in the arbitration captioned, <u>Pravati Investment Fund IV, LP v. Balestriere PLLC and John G. Balestriere</u>, AAA Case No.: 01-22-0002-2850 (the "<u>Arbitration</u>") for $16,153,364.93. (A true and correct copy of the Final Award in the Arbitration is attached hereto as *Exhibit A*[1]). The Debtor's liability in

---

[1] While the Arbitration award is currently in the process of being confirmed, the Debtor has already publicly filed the Final Award in the Arizona Arbitration (defined below) and in the matter entitled *Pravati Capital LLC et al v. Moore et al*, Case No.: 2:24-cv-02119-MTL (D. Ariz), Dkt. No. 14-10, thereby allowing the award to be made public herein.

3756811v1

the Arbitration was based on his status as a personal guarantor of amounts owed to Pravati by BF. *Exhibit A* at ¶ 155. Despite being indebted to Pravati for millions of dollars borrowed over four years, the Debtor has only caused $554,196.78 to be repaid to Pravati for the duration of their business relationship. Pravati's Application is not meant, as the Debtor contends, to harass the Debtor. Rather, it is a legitimate effort to obtain discovery necessary to evaluate whether there are grounds to recover on this substantial debt.

4. Pravati's Application seeks information regarding the Debtor's financial affairs and pre and potentially post-petition conduct. The actions of the Debtor in respect of assets securing the debts owed to Pravati tie directly into whether there are grounds to file a complaint. As such, this discovery fits squarely within the scope of Rule 2004, which permits broad examination of the "acts, conduct, [] property . . . liabilities and financial condition of the debtor", as well as, "any matter which may affect . . . the debtor's right to a discharge". Fed. R. Bankr. P. 2004.

5. Furthermore, despite the Debtor's multiple unsubstantiated assertions to the contrary, Pravati has not definitively decided to file a complaint objecting to the Debtor's discharge and/or dischargeability of the debts owed to Pravati. Indeed, Pravati requires the discovery sought in its Application so that it can make that determination. Pravati's Motion Pursuant to Bankruptcy Rules 4004(b)and 4007(c) for an Order Further Extending Time to File Complaint Objecting to Debtor's Discharge and/or Dischargeability of Certain Debts [Dkt. No. 27] (the "<u>Motion for Extension</u>") merely seeks to align Pravati's deadline to file such a complaint with that of the Trustee and the U.S. Trustee, ensuring that Pravati has sufficient time to conduct a meaningful investigation of the Debtor and Pravati's potential claims prior to filing any adversary proceeding.

6. Moreover, the timing of Pravati's filing of its Application and the Motion for Extension are entirely warranted. Pravati only waited until three days before the deadline for filing complaints objecting to the Debtor's discharge/dischargeability because of its good faith efforts to

reach an agreement with the Debtor through counsel regarding Pravati's discovery requests and extension of time to commence an adversary proceeding. When it became clear that no agreement could be reached, Pravati acted promptly to preserve its rights. There is nothing in the Rules or otherwise which requires filing a motion to extend the time to object to be at the beginning of the time period, only that such a motion is made before the time to object expires—yet the Debtor would utilize this delay to paint Pravati in a poor light.[2]

7. While, the Debtor claims that Pravati already has much of the discovery it seeks, as confirmed in the Mora Declaration, this is simply not true. (Mora Declaration at ¶¶ 8-20). Pravati's Application is specifically tailored to understand the Debtor's financial condition including, but not limited to, the status of payments to the Debtor from BF and BLF. Pravati does not, and has not ever had access to the account from which BF makes its payroll, and contrary to the Debtor's contentions, Pravati has not received monthly bank statements from the Debtor or BF. The requested information is not within Pravati's possession, custody or control, and the Debtor's assertions to the contrary are unfounded. The discovery sought in the Application will help Pravati to better understand, *inter alia*: (i) the Debtor's financial condition; and (ii) the relationship between the Debtor, BF and BLF, including action taken by the debtor in his capacity as guarantor of BF's debts to Pravati and actions related to transferring of assets securing those debts.

## II. The Pending Proceeding Rule is Inapplicable to Pravati's Application for Rule 2004 Discovery

8. The Debtor incorrectly contends that the pending proceeding rule should bar the relief sought in Pravati's Application because: (i) there is an action pending in Arizona State Court,

---

[2] Ironically, the delay in filing was because Pravati and the Debtor's counsel had attempted to work through a consensual agreement for discovery and examination and were not able to do so. This is because the initial offers made by Debtor's counsel were geared to provide limited documents and force Pravati to conduct any examination only a week or so after review, which would be during the holidays. The Debtor now faults Pravati for filing late when he refused to provide a reasonable extension of time and sought to hamstring Pravati's ability to effectively prepare for an examination by offering unrealistic time frames that simply were not workable.

4
3756811v1

*Pravati Investment Fund IV, LP v. Balestriere PLLC et al.*, Case No. CV2024-008391 (the "Arizona Action"), wherein both the Debtor and Pravati are parties; and (ii) the Debtor contends that "Pravati has made clear it intends to bring an adversary proceeding in this Court". Objection at p. 14. Neither reason warrants application of the pending proceeding rule.

9. The pending proceeding rule circumscribes Rule 2004 discovery <u>once an adversary proceeding or other contested matter has been commenced</u>. *See in re Ascentra Holdings, Inc.*, 657 B.R. 339, 361 (Bankr. S.D.N.Y. 2023); *In re Recoton Corp*., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("Rule 2004 examinations are also not generally permitted once an adversary proceeding *has been filed*") (emphasis added). However, the rule's application depends on "whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding." *In re Washington Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009); *In re Kearney*, 590 B.R. 913, 924 (Bankr. D.N.M. 2018). Where the 2004 discovery is unrelated to the pending proceeding, Courts will allow the discovery. *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996) ("Discovery of evidence *related* to the pending proceeding must be accomplished in accord with more restrictive provisions of Fed.R.Bankr.P. . . . while *unrelated* discovery should not be subject to those rules) (emphasis in the original). Moreover, Courts are cautioned against "aggressive" application of the pending proceeding rule as it may "prevent legitimate Rule 2004 examinations on matters wholly unrelated to the pending proceeding." *In re Washington Mut., Inc.*, 408 B.R., at 51.

10. The Arizona Action is completely unrelated from this instant bankruptcy proceeding. The Arizona Action was brought merely to confirm the Final Award in the Arbitration. None of the discovery sought in Pravati's Application is relevant to the Arizona Action nor is it anticipated to be used therein. Additionally, there is currently no pending adversary proceeding

between Pravati and the Debtor. The Debtor's argument that such a proceeding is inevitable, and therefore, Pravati is constrained to seek discovery therein is circular and unpersuasive. Pravati will not know, and indeed, cannot know whether there are grounds on which to bring such a proceeding until it has an opportunity to conduct discovery pursuant to Rule 2004. The mere fact that Rule 2004 discovery *may* lead to an adversary proceeding is not a legitimate reason to deny such discovery. In fact, such use is not only permissible, but a primary purpose of a Rule 2004 examination. *Id.* at 53 ("One of the primary purposes of a Rule 2004 examination is as a pre-litigation device").

### III. The Debtor's Assertions of No Asset Transfers are Contradicted by evidence of Case Substitutions, Mismanagement and Failures to Remit Proceeds to Pravati

11. The Debtor claims that no assets have been transferred from BF to BLF. However, in at least two cases – *Streets v. Mangena et al.*, Case No. 1:23-cv-10648-AT-SDA (S.D.N.Y.) and *Robert Friedlander v. Jack's Holdings Inc. et al.*, Case No. 653210/2019 (Sup. Ct. N.Y. Cnty.) – BF filed notices to withdraw as counsel and to then substitute BLF in its place (the "Notices to Withdraw and Substitute"). (True and correct copies of the Notices to Withdraw and Substitute are attached hereto as *Exhibit B*). These substitutions effectively transferred valuable assets (in the form of contingency fee cases) from BF to BLF, to the detriment of Pravati's lien interests. Nothing could be clearer than pleadings prepared by, and filed by, the Debtor himself on behalf of his two law firms than this.

12. Additionally, a review of the dockets of several cases for which Pravati is entitled to proceeds shows that the Debtor, through BF, filed multiple notices of dismissal with prejudice and/or consented to dismissal with prejudice (collectively, the "Dismissal Notices"). Despite filing the Dismissal Notices, which would reasonably only be filed after reaching a settlement with the affected parties, the Debtor has not remitted any funds related to these cases to Pravati. Pravati is

6

entitled to any proceeds received by the Debtor or BF related to the settlement of those cases, therefore Pravati's Application seeks documents and communications related to the settlement of those cases in order to ascertain where its assets went – again these types of actions may lead to grounds to object to discharge/dischargeability – or other actions. (*see* Exhibit B to the Application, ¶¶ 17-24). (True and correct copies of the Dismissal Notices are attached hereto as *Exhibit C*). Additionally, a review of the dockets for at least two of the cases for which Pravati is entitled to proceeds shows that those cases have been closed (the "Closed Cases") and at least one of those cases has gone to Arbitration. (*See* Exhibit B to the Application, ¶¶ 16 & 25). (True and correct copies of the Orders closing the Closed Cases are attached hereto as *Exhibit D*). Without access to the requested information, Pravati has no way of knowing the status of any additional developments to the Closed Cases or any related arbitrations.

13. Throughout his Objection, Debtor routinely mischaracterizes and ignores the facts. For example, on the Amended Schedule E/F to Debtor's Petition [Dkt. No. 39], the Debtor continues to assert that Pravati is only entitled to recovery from contingency fee cases when the Final Award in the Arbitration makes it exceedingly clear that Pravati was also entitled to payments from hourly proceeds. *See Exhibit A* at ¶¶ 42 and 116. The Debtor appears to be using his Objection as an opportunity to reiterate many of the issues he failed to prove in the Arbitration. The Debtor asserts that Pravati is at fault for "sharing confidential information with at least one litigation funding broker" (Objection at p. 4) even when it was found in the Arbitration that Pravati did not breach its confidentiality obligations to the Debtor. *Exhibit A* at ¶¶ 185, 190 and 195.

14. Further, the Debtor's characterization of his and BF's liability in the Arbitration as based on "three technical defaults" by BF is a gross understatement. Objection at p. 5. Those defaults were: (i) the forfeiture of $8.4 million because the Debtor "improperly transferred funds from [BF's] trust account" (*Exhibit A* at ¶¶ 83 and 126); (ii) being found liable for $1.4 million in

7

fees after Debtor, BF and BF's client were found to have acted in "bad faith by bringing objectively unreasonable and frivolous claims" (*Exhibit A* at ¶¶ 64, 80, 129 and 130); and (iii) concealing from Pravati the dismissal with prejudice of a case which the Debtor represented to Pravati was likely worth tens of millions of dollars. (*Exhibit A* at ¶¶ 55, 90,136 and 137).

15. Pravati does not contend that BF's or BLF's assets are part of the Debtor's bankruptcy estate. However, as a guarantor of BF's debt, the Debtor owes certain duties to Pravati under the Limited Guarantee Agreement between the Debtor and Pravati. Further, his actions regarding assets securing both the obligations to Pravati, as well as assets that would have been available to satisfy any award, are relevant to any claim Pravati has against the Debtor and may be appropriate for potential actions to block discharge/dischargeability of debt. Throughout the duration of his business relationship with Pravati, the Debtor has proven himself to be untrustworthy and untruthful. Therefore, to the extent the Debtor is facilitating the transfer of assets in which Pravati has a lien, Pravati has a right to investigate these actions under Rule 2004.

16. As noted earlier, the Debtor would instead seek to force Pravati to simply file suit by guessing or making its allegations "upon information and belief" and, in turn, the Debtor will clearly move to dismiss such a complaint based upon failure to set forth claims in detail or with specify – hence Pravati wants to ensure it has appropriate grounds to file any such claim. Pravati is following the normal course of events in cases like this- the Debtor instead is following circular logic or a circular end game.

8
3756811v1

## **CONCLUSION**

For the foregoing reasons, Pravati respectfully requests that the Court: (i) overrule Debtor's Objection in its entirety; (ii) grant Pravati's Application pursuant to Rule 2004; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 25, 2024               MORITT HOCK & HAMROFF LLP

                                                 By:   */s/ Leslie A. Berkoff*
                                                        Leslie A. Berkoff
                                                 1407 Broadway, 39th Floor
                                                 New York, NY 10018
                                                 Tel: (212) 239-2000
                                                 lberkoff@moritthock.com
                                                 *Attorneys for Pravati Capital*