# EXHIBIT D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  9/21/2022 _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**WHITE LILLY, LLC** and **JONATHAN BERNSTEIN,**

                                        **Plaintiffs,**

            -against-

**BALESTRIERE PLLC, ET AL.,**

                                        **Defendants.**

---

**18-cv-12404 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs White Lilly, LLC and Jonathan Bernstein (together, "Bernstein") filed this suit in an attempt to enjoin a then-pending arbitration proceeding brought by Defendants Balestriere PLLC, Balestriere Fariello, John Balestriere (together, "Balestriere" or "Balestriere Parties"), The Law Offices of Adina G. Storch, and Adina Storch.  Balestriere filed a dispute with the AAA seeking to recover fees for their nearly four-year representation of White Lilly. Complicating matters, John Balestriere dipped into escrow funds, retrieving $1.4 million to partially satisfy outstanding fees owed to Balestriere Fariello.

On February 5, 2019, Defendants filed a motion to compel arbitration.  On March 5, 2019, the Parties filed a stipulation to stay the action pending arbitration.  The Court signed the stipulation the following day.  The Arbitrator issued an Award on July 23, 2021.  The parties now bring cross-motions to modify and confirm as modified the Award.

## LEGAL STANDARD

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotations omitted). Judicial review of

arbitration awards is "'severely limited,' so as not to frustrate the 'twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012) (citations omitted). The reviewing court owes "strong deference" to "arbitral awards and the arbitral process," *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007), and so a party seeking to vacate an arbitration award "must clear a high hurdle," *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is not enough for petitioners to show that the panel committed an error—or even a serious error." *Id.* (citing *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000)). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., only allows for vacatur in four circumstances: (1) the arbitral award "was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators;" (3) "the arbitrators were guilty of misconduct ... by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case'." *D.H. Blair*, 462 F.3d at 110 (citing *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (citing *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid

2

confirmation is very high." *Id.* (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).

## DISCUSSION

### A.  Cross-Motions to Modify

Both parties argue that the Arbitrator's decision regarding fee forfeiture should be vacated.  Balestriere believes that ordering a complete fee forfeiture of the success fee and any fees above the previously billed discounted fees was done in manifest disregard of the law, whereas Bernstein argues the granting of any fees was contrary to public policy because of Balestriere's disciplinary violations.

Balestriere argues that, under New York law, a causation link must be established between the misconduct at issue and the resulting fee forfeiture.  Balestriere relies on a number of cases where fee forfeiture was denied seemingly because of a missing causal link.  Balestriere argues that the Arbitrator's decision does not consider the issue of causation between John Balestriere's misconduct and the fee award.  The absence of a causation analysis, they argue, runs counter to New York law.  However, the mere fact that Balestriere has construed a rule in its favor does not make it so.  Under New York law, "an attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for *any* services rendered." *In re Food Mgmt. Grp., LLC*, No. 04-20312, 2008 WL 2788738, at *11 (Bankr. S.D.N.Y. July 16, 2008) (quotation marks and internal citations omitted); *see also Doviak v. Finkelstein & Partners, LLP,* 90 A.D.3d 696, 699, 934 N.Y.S.2d 467, 470 (2011) (collecting cases).  Neither party disputes the Arbitrator's finding that Balestriere's conduct was violative of New York's Disciplinary Rules.  As such, the Award's forfeiture need not stem directly from Balestriere's misconduct.  The Arbitrator repeatedly stated that Balestriere's conduct, regardless of his

subjective belief, was unethical and violative of Rule 1.15(a) of the New York Rules of
Professional Conduct.  Complete fee forfeiture, then, was firmly within the Arbitrator's powers
as Bernstein was no longer entitled to fees.

The Arbitrator repeatedly acknowledged the serious nature of Balestriere's conduct and
determined that having considered all the facts presented before him, a substantial forfeiture of
fees is an appropriate measure.  The Court sees no reason to question the Arbitrator's judgment.

Both parties also argue that the Arbitrator's calculation of damages is erroneous and is
grounds to vacate the arbitration award.  Here, too, the arbitrator engaged in a substantial
analysis of the facts in this case to reach his decision on fees and the proper remedy.  Neither
party has persuaded the Court that the Arbitrator's rationale is so erroneous as to warrant vacatur.

*B. Motion for Attachment*

Balestriere also requests that the Court grant them an attachment.  Bernstein argues that
this request is barred by res judicata because a justice of the New York Supreme Court has
already ruled on the issue.  Balestriere notes that the state court issued a decision on the issue
before the arbitration proceeding.

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating
in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior
proceeding." *Burton v. Undercover Officer*, 671 Fed. App'x. 4 (2d Cir. 2016) (quoting *Marvel
Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002)).  Collateral estoppel carries with it
four requirements:

>   (1) the identical issue was raised in a previous proceeding;
>   (2) the issue was actually litigated and decided in the previous proceeding;
>   (3) the part[ies] had a full and fair opportunity to litigate the issue; and
>   (4) the resolution of the issue was necessary to support a valid and final judgment on the
>   merits.

*Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (quoting *Marvel Characters, Inc.*, 310 F.3d at

288-89).  The difference in procedural posture of the state proceeding and the motions currently

before the Court is significant.  The state court considered Balestriere's request before the

arbitration proceedings had concluded.  The motion before this Court comes after the Arbitrator

has issued a well-reasoned, sixty-four-page opinion on the issues in this case.  As such, the Court

sees no reason why Balestriere should be estopped from seeking an attachment.

       Under Rule 64 of the Federal Rules of Civil Procedure, federal district courts have at

their disposal "every remedy . . . available that, under the law of the state where the court is

located, provides for seizing a person or property to secure satisfaction of the potential

judgment."  Fed. R. Civ. P. 64.  Under New York CPLR § 7502(c), a trial court may enter an

attachment in connection with an arbitration only where the award to which the applicant may be

entitled may be rendered ineffectual without such provisional relief."  N.Y.C.P.L.R. § 7502(c).

A party seeking attachment under § 7502(c) must also satisfy the requirement of § 6212 of New

York CPLR.  Section 6212 requires a party show that "there is a cause of action, that it is

probable that the plaintiff will succeed on the merits, that one or more grounds for attachment

provided in section 6201 exist, and that the amount demanded from the defendant exceeds all

counterclaims known to the plaintiff."  N.Y. C.P.L.R. § 6212(a). A party seeking attachment

under §7502(c) need no longer meet the requirements of § 6201.  *See Iraq Telecom Ltd. v. IBL*

*Bank S.A.L.*, No. 21CV10940 (DLC), 2022 WL 827094, at \*6 (S.D.N.Y. Mar. 16, 2022), *aff'd in*

*part, vacated in part, remanded*, 43 F.4th 263 (2d Cir. 2022).

Given this, to secure an attachment under § 7502(c) of a final arbitration award, a party need

only meet three criteria:

       (1) there is a cause of action
       (2) probable that the petitioner will success on the merits; and

(3) that the amount demanded from the respondent exceeds all counterclaims known to petition; and
(4) that award may be rendered ineffectual in the absences of an attachment.
*See, e.g.*, *Iraq Telecom*, 2022 WL 827095 at *6 (discussing the requirements of § 7502(c) and § 6212(a)).

The only requirement in dispute appears to be whether the arbitration award would be rendered ineffective without an attachment.  Balestriere argues that Bernstein has a track record of lying under oath, conspiring to deceive a judicial authority.  They argue that this behavior makes it likely that Bernstein may impede the satisfaction of the Award.  Bernstein failed to address Balestriere's arguments.  The Court finds Balestriere's arguments persuasive.  Bernstein history of thwarting official proceedings gives the Court pause on whether he would not attempt to stall the satisfaction of the Award.

## CONCLUSION

Accordingly, the Court **AFFIRMS** the Award.  The parties' respective motions to modify are **DENIED**.  Balestriere's motion for an attachment is **DENIED**.  The Clerk of the Court is directed to terminate ECF Nos. 60, 69 and close this case.

Dated:     September 21, 2022
           New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                :

LAURIE DHUE,                                :

                  Plaintiff,        :              18-CV-2547 (JMF)

                                :

        -v-                          :               ORDER

                                :

                                :

WILLIAM JAMES O'REILLY,               :

                                :

               Defendant.      :

                                :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On June 4, 2018, Defendant filed a motion to compel arbitration and stay this case pending arbitration of the parties' dispute. ECF No. 14. On October 10, 2018, Judge Batts, to whom the case was then assigned, granted the motion to compel as to the threshold arbitrability question. ECF No. 25, at 13-14. On February 20, 2020, the case was reassigned to the undersigned. As there is no reason to keep the case open pending the arbitration, the Clerk is directed to administratively close the case without prejudice to either party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.

      SO ORDERED.

Dated: February 24, 2020
      New York, New York                              _____
                                          JESSE M. FURMAN
                                  United States District Judge