UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                  :
                                                                            Chapter 7
JOHN G. BALESTRIERE,                                                    :

                                                                        :   Case No. 24-11422-lgb
                                    Debtor.
------------------------------------------------------------------------x

# ORDER GRANTING, IN PART, THE APPLICATION OF PRAVATI CAPITAL FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING DEBTOR TO PRODUCE INFORMATION

This matter coming before the Court on the Application of Pravati Capital ("Pravati") for entry of an order pursuant to Bankruptcy Rule 2004 directing the Debtor to produce documents necessary to investigate and determine information related to potential claims against the Debtor as outlined in the Application (the "Application") [ECF No. 25]; and the Debtor having filed an Objection to the Application (the "Opposition") [ECF No. 30]; and Pravati having filed a Reply in Support of the Application (the "Reply") [ECF No. 48]; and the Application having come on for hearing before the Court on November 26, 2024 (the "Hearing"); and counsel for Pravati and counsel for the Debtor having appeared at the Hearing; and the Court having reviewed and considered the Application, the Reply, the Opposition and having entertained argument at the Hearing; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Application is GRANTED, in part, pursuant to the conditions included herein.

2. Pravati is hereby authorized to issue a Subpoena to (a) direct the production of the documents identified on the "Revised Document Demands" attached hereto as Exhibit 1, which reflect changes, additions and subtractions to the original document demands (which were attached as Exhibit B to the Application) as directed by the Court at the Hearing, and (b) provide for examination of the Debtor subject to the limitations directed by the Court at the Hearing.

3. The Debtor will produce to Pravati, within thirty days of entry of this Order (unless such time is extended by order of this Court), to the extent in the Debtor's control or custody, the documents responsive to the Revised Document Demands in accordance with Bankruptcy Rule 2004 (the "Produced Documents").

4. The Trustee shall be entitled to attend and participate in any examination of the Debtor by Pravati pursuant to a subpoena authorized by this Order, and the Debtor shall deliver a copy of the Produced Documents to the Trustee.

5. Yifat V. Schnur ("Schnur") and Yifat V. Schnur, Esq., LLC (together with Schnur, the "Schnur Parties") and counsel for Schnur Parties shall be entitled to attend and participate in any examination of the Debtor by Pravati pursuant to a subpoena authorized by this Order, provided, however, that the Schnur Parties shall not be entitled to question the Debtor regarding any matters related to the Schnur Parties' pending dischargeability action against the Debtor in this case (the "Adversary Proceeding"). The Debtor shall deliver a copy of the Produced Documents to counsel for the Schnur Parties simultaneously with the delivery to Pravati.

6. For the avoidance of doubt, entry of this Order shall not be deemed an adjudication of whether any cause of action or assets identified by Pravati constitute property of the Debtor's estate. The Trustee's rights and defenses regarding whether any asset or cause of action identified

3761272v1

by Pravati constitutes property of the Debtor's estate pursuant to Bankruptcy Code section 541 are expressly preserved.

7. Nothing contained herein shall prejudice Pravati's rights, nor the Debtor's rights, nor Schnur Parties' rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions and additional oral examinations in connection with this matter or to oppose any such requested relief.

8. Nothing contained herein shall prejudice the Debtor's rights or the Schnur Parties' rights to seek discovery in the Adversary Proceeding in accordance with the Federal Rules of Civil Procedure and applicable Bankruptcy Rules and Local Bankruptcy Rules.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:    New York, New York
            December 11, 2024

*/s/ Lisa G. Beckerman*
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE