UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                    :
                                                          :   Chapter 7
JOHN G. BALESTRIERE,                                      :
                                                          :
                                                          :   Case No. 24-11422-lgb
                        Debtor.                           :
------------------------------------------------------------x

**ORDER GRANTING, IN PART, AND DENYING, IN PART, THE
APPLICATION OF PRAVATI CAPITAL, LLC
FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
RULE 2004 DIRECTING BALESTRIERE PLLC D/B/A
BALESTRIERE FARIELLO TO
PRODUCE INFORMATION REGARDING TRANSFER OF ASSETS
<u>AND SIT FOR EXAMINATION</u>**

**UPON** the Application (the "Application")[1] [ECF No. 69] of Pravati Capital, LLC ("Pravati") for entry of an order pursuant to Bankruptcy Rule 2004 directing Balestriere PLLC d/b/a Balestriere Fariello ("BF") to produce documents related to (a) the potential transfer of its assets and other property, and (b) instances where Balestriere Fariello ("BF") represented a client and Balestriere Law Firm LLC ("BLF") later represented the same client to allow Pravati to investigate and determine information related to potential claims against the Debtor as more fully outlined in the Application and directing BF to sit for an examination; and the Debtor having filed a *Joint Omnibus Objection to Pravati's Applications for Rule 2004 Examinations of Nondebtor Law Firms and Second Motion for Extension of time to Object to Discharge/Dischargeability* (the "Omnibus Objection") [ECF No. 74]; Pravati having filed a Reply to the Omnibus Objection (the "Reply") [ECF No. 77]; and a hearing having been held before the Court on February 19, 2025 (the "Hearing"); and the Debtor and Pravati having appeared at the Hearing by counsel; and the Court having considered the arguments at the Hearing, as well as the Application, the Omnibus Objection and the Reply and having entertained argument at the Hearing; and the Court having found that

---

[1] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Application.

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having determined the that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor,

It is hereby **ORDERED** that:

1. The Application is GRANTED, in part, to the extent set forth below, and DENIED, in remaining part.

2. Pravati is hereby authorized to issue a Subpoena to: (a) direct the production of the documents identified on the "Balestriere Fariello Revised Document Demands" attached hereto as *Exhibit 1*, which reflects changes, additions and subtractions to the original documents demands (which were attached as *Exhibit B* to the Application) as directed by the Court at the Hearing; and (b) provide for an examination of the Debtor as a representative of BF.

3. BF will produce to Pravati, within thirty days of entry of this Order, to the extent in BF's control or custody or ascertainable from information in its control or custody, the documents responsive to the Balestriere Fariello Revised Document Demands in accordance with Bankruptcy Rule 2004.

4. The Trustee shall be entitled to attend and participate in any examination of BF by Pravati pursuant to a Subpoena authorized by this Order, and the Debtor shall share with the Trustee any documents obtained pursuant to such Subpoena.

5. For the avoidance of doubt, entry of this Order shall not be deemed an adjudication of whether any cause of action or assets identified by Pravati constitute property of the Debtor's estate. The Trustee's rights and defenses regarding whether any asset or cause of action identified

by Pravati constitutes property of the Debtor's estate pursuant to Bankruptcy Code section 541 are expressly preserved.

6. Nothing contained herein shall prejudice Pravati's rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions and additional oral examinations in connection with this Case, nor prejudice the Debtor's, BF's, or BLF's rights to object thereto.

7. Nothing contained herein shall prejudice Pravati's rights to seek discovery in an adversary proceeding in accordance with the Federal Rules of Civil Procedure and applicable Bankruptcy Rules and Local Bankruptcy Rules, nor prejudice the Debtor's, BF's, or BLF's rights to object thereto.

8. Consistent with the Court's direction at the Hearing, the Debtor and/or BF shall turn over to Debtor's counsel any funds paid in connection with any cases or Legal Matters in which Pravati holds a lien, which funds shall be held in Debtor's counsel's escrow account pending a determination from the Court as to the rights of any interested parties in such funds.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: MARCH 5, 2025**      */s/ Lisa G. Beckerman*
    **NEW YORK, NEW YORK**      **HONORABLE LISA G. BECKERMAN**
    **UNITED STATES BANKRUPTCY JUDGE**