1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 24-11422-lgb

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5  In the Matter of:

6

7  JOHN G. BALESTRIERE,

8

9         Debtor.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12              United States Bankruptcy Court

13              One Bowling Green

14              New York, NY  10004

15

16              July 23, 2025

17              10:04 AM

18

19

20

21  B E F O R E :

22  HON LISA G. BECKERMAN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  K. BRAITHWAITE

1    HEARING re:  Motion to File Under Seal -- Motion for Entry

2    of an Order Authorizing the Filing of an Exhibit (A) on the

3    Docket in this Case or, in the Alternative, (B) Under Seal.

4

5    HEARING re:  Motion for Relief from Stay.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1  A P P E A R A N C E S :

2

3  BARCLAY DAMON LLP

4       Attorneys for Debtor

5       1270 Avenue of the Americas

6       New York, NY 10020

7

8  BY:  JANICE BETH GRUBIN (TELEPHONICALLY)

9       ILAN MARKUS (TELEPHONICALLY)

10

11  SHEPPARD MULLIN RICHTER & HAMPTON LLP

12       Attorneys for Yifat V. Schnur and Yifat V. Schnur,

13       Esq., LLC

14       30 Rockefeller Plaza

15       New York, NY 10112

16

17  BY:  JOSHUA I. SCHLENGER (TELEPHONICALLY)

18       MICHAEL GILBERT (TELEPHONICALLY)

19

20

21  ALSO APPEARING TELEPHONICALLY:

22       JOHN G. BALESTRIERE

23       YIFAT V. SCHNUR

24       JASMINE ALMAIN

25

1               P R O C E E D I N G S

2          THE COURT:  Good morning.  This is Judge Beckerman

3    and court is now in session.  I'm going to go ahead and call

4    the case and after I do, I'll ask for the attorneys to put

5    their appearances on the record and then I'll also ask the

6    attorneys to please identify themselves again when speaking

7    for the record.  Case Number 24-11422, John G. Balestriere.

8    May I have appearances, please?

9          MS. GRUBIN:  Good morning, Your Honor.  Janice

10   Grubin from Barclay Damon on behalf of the debtor, John

11   Balestriere.  I'm here with our client, John Balestriere,

12   and his legal analyst Jasmine Almain as well as my partner,

13   Ilan Markus.

14         THE COURT:  Good morning.

15         MR. MARKUS:  Good morning, Your Honor.

16         MR. SCHLENGER:  Joshua Schlenger from Sheppard

17   Mullin on behalf of our clients, Yifat Schnur and her law

18   firm.  With me is my colleague, Michael Gilbert, also from

19   Sheppard Mullin.

20         THE COURT:  Good morning.

21         MR. SCHLENGER:  Good morning.

22         THE COURT:  Any other appearances for the record?

23         MR. SCHLENGER:  And excuse me, Your Honor.  I

24   forgot to mention I do see Ms. Schnur is here on the Zoom as

25   well, observing.

1          THE COURT:  Okay, that's fine.  Thank you.  All

2     right, so we have two matters on today.  The first matter

3     I'm going to take up is the motion relating to the exhibit

4     that the parties were seeking to file either on -- I guess

5     under seal and in some other format, so with that, I'll turn

6     the virtual podium over to Ms. Grubin and Mr. Markus.

7          MS. GRUBIN:  Thank you, Your Honor.  If I might,

8     Judge, Mr. Markus will be arguing that motion and I will be

9     arguing the second, the lift stay motion.

10          THE COURT:  That's fine, thank you.

11          MR. MARKUS:  Thank you, Your Honor.  Ilan Markus

12     on behalf of the debtor.  Your Honor, this motion is

13     essentially piggyback to our opposition to the stay motion

14     and the relatively simple facts are that we wanted to attach

15     the statement of material facts that was filed in the state

16     court action and attach that as an exhibit to our

17     opposition.  When my client filed that, my client filed that

18     with a request to seal, and we asked the -- that document,

19     sorry, was attached to the reply that we filed earlier today

20     and that Exhibit A is a printout of the filing of the SOMF

21     by the debtor in the state court action, and it reflects the

22     words "request to seal" next to the SOMF entry and at other

23     points later in the document.

24          So, from the debtor's perspective, the debtor

25     filed that and then needed to seek court permission as --

1    given that there was a likelihood that the debtor -- excuse

2    me, the Schnur parties would assert confidentiality or maybe

3    had applied some blanket confidentiality statement -- you

4    know, reservations.  So, what the debtor was seeking to do

5    was -- I will tell you, the debtor was -- it was and remains

6    now ambivalent as to whether the SOMF is filed under seal

7    with this court and simply given to Your Honor to review, or

8    whether it is publicly filed.  We filed the alternative

9    relief out of the concern that if we just came to Your Honor

10   and said, "The other side thinks this is confidential, we

11   think, so we want to, you know, make it confidential," that

12   would have been -- we don't agree that what's in there is

13   confidential.

14          So, in that vein, notwithstanding our disagreement

15   that what is in there should be sealed under the protective

16   order or law, client maybe attempt to do so, once we

17   realized upon looking at the docket again that it was

18   actually accessible to anyone, then we were put in the

19   position of "How can we represent in the motion that this

20   should be sealed," whoever is to blame, if anyone, for the

21   fact that it's public?  The Court, the judge's -- the state

22   court judge's decision, a clerk's error, our error.

23   Anything is possible.

24          None of that is before the Court and the Court

25   can't decide that today, but what the Court can decide is

1    possibly if it believes that there is a question of

2    confidentiality, we would be amenable to the Court taking

3    this under seal temporarily until such time as it is

4    determined that the Court who issued the protective order,

5    that law that governs it, could choose whether there was a

6    violation or not.  Maybe it was the Court's decision.

7    Again, we don't know.  We're just working on pieces of paper

8    that are printed off of a docket sheet or a receipt from a

9    filing.

10    So, one thought we had, Your Honor, is although

11    Your Honor and the courts cannot willy-nilly seal documents

12    just for the convenience of the parties, in this instance,

13    there's a Bonafide dispute as whether the document should be

14    sealed, and that determination, I would say, could be

15    delayed since that document is being dealt with in the other

16    court.  And the other thing is that the Schnur parties, as

17    far as I'm aware, haven't gone to state court to seek any

18    relief with respect to this allegedly, you know, improperly

19    publicized document.  The SOMF was filed on June 9th, and so

20    six weeks have passed.  They haven't gone to the state court

21    to seek relief, which I would suggest belies maybe what

22    their motivation is here.

23    But with that said, I don't -- I propose given the

24    debtor's ambivalence as to whether the document is sealed

25    that the document could be sealed here and just reviewed for

1  the Court; that's our only purpose, for the Court to read it

2  in conjunction with our opposition to the stay relief

3  motion.  And if that could be accomplished without a public

4  filing, that is totally acceptable and fine with us, so I

5  would just suggest to Your Honor that either the motion

6  should -- the motion should be granted and it should be

7  publicly filed, or, again, in the alternative, it could be

8  taken under seal and the parties can have the Court access

9  the SOMF and then do whatever needs to be done with it from

10  a sealing perspective, taking guidance, perhaps, from the

11  state court.  Thank you, Your Honor.

12        THE COURT:  Okay, Mr. Markus, can I go back to a

13  couple things that you really didn't address that I think

14  the Schnur parties raised in their papers?  So, the first

15  thing is, you didn't file it attached to your objection --

16  why?  Was that a mistake?  Was it an oversight?  It doesn't

17  even reference that it was supposed to be an exhibit.

18  That's just a question.

19        MR. MARKUS:  Yeah --

20        THE COURT:  And then, my follow-up question to

21  that is, why is it needed at all?  Because it seems to be

22  creating quite a stir, and my question is, why do you want

23  me to read it?  Because I don't think my decision to lift

24  the stay or not lift the stay depends on my reading the

25  summary judgment statement to me.  I just -- to be honest

1    with you, it seems to me like it's outside of what I should

2    be considering anyway.

3              What I should be considering anyway from my

4    perspective as the Court is, does this meet the test for a

5    pause for me to lift the stay?  And that does require me,

6    which I have done, to have read the complaint in the

7    proceeding in the state court to be aware -- because it was

8    stated in your papers, so I am aware of it, and perhaps for

9    all I know, in the Schnur parties' papers.  But for sure it

10   is that there is a summary judgment dispute pending between

11   the parties other than the debtor in that proceedings.

12   Different parties have filed summary judgment motions.

13   Okay.

14              I've read the complaint in the adversary

15   proceeding, because that is before me.  I've read the proofs

16   of claim, which also have the complaint attached to it from

17   the state court.  Those are all things before me or that

18   were -- are relevant.  I don't know that the merits or lack

19   of merits of anyone's summary judgment dispute -- and I

20   don't mean that in any way -- in any way suggesting my

21   opinion on it of whatever the other Balestriere parties from

22   the law firm and other people who worked there previously

23   filed, or what other defendants in the proceeding in the

24   state court may have filed for their summary judgment

25   motions.  I'm not really sure why that is relevant to my

1    lift stay analysis.

2            My lift stay analysis is who would be better off -

3    - I understand that there's a whole bunch of parties,

4    because I've read the complaint in the state court action,

5    and I understand that there's one party in my adversary

6    proceeding, meaning the debtor, who has been sued.  And I

7    understand that's what the lawsuit is about; I've read the

8    complaints.  I don't -- and obviously, there is a lot of

9    overlap.  I don't think anyone is going to be surprised when

10   I say that when we get to the motion.  There's a lot of

11   overlap in the facts, the issues, the types of claims that

12   people are asserting, things that happened in the two

13   complaints, and I get that.  But why does it matter that I

14   even read this statement?  That's what I'm having a lot of

15   trouble with, because to be honest with you, I don't see why

16   I want to cause an issue when I don't think there needs to

17   be an issue here.

18            I don't see that -- you know, Ms. Schnur is not --

19   and the Schnur firm are not happy about the fact that this

20   was -- that you want to file this at all, under seal or

21   otherwise.  They've also stated that they don't think it's

22   something that I need to consider, and I think they're

23   right.  I don't think it's anything I need to consider.  I

24   think I have to consider other things.  I have to be

25   familiar with the nature of the state court action, which I

1    am, having read the complaint, also having seen all the

2    exhibits attached by each parties, which do include a whole

3    bunch of things in that state court proceeding on each side.

4              I'm aware of what it is.  I've compared the

5    complaints.  That's part of my job to try to figure that

6    out, but I'm not sure why an argument that's going to have

7    to be decided by the state court on summary judgment and a

8    decision like that is necessary for me to even remotely

9    consider in connection with this.  So, I need an answer to

10   that because I'm just not getting that, and it seems to me

11   that it is needlessly upsetting somebody and asking me to

12   consider something that I don't need to for purposes of

13   deciding if there's cause.  You know, cause has to do with -

14   - I have to consider whether there's duplication of

15   litigation.  I can certainly consider that based on the

16   complaints and the proofs of claim.  I just don't -- where

17   the litigation stands.  Well, that has to do with what's

18   going on in the case.  Yeah.  Obviously, you all have told

19   me; there's summary judgment motions.  I've obviously gotten

20   other things.  I can take judicial notice of the docket,

21   what's happening there.  It's obvious to me.

22             But I don't think that this -- the facts in this

23   particular statement have anything to do with my lift stay

24   issue, and that's where I'm having trouble, because I feel

25   like, "Why am I even having this argument today?"  Like,

1     why?  So, explain to me why it's so essential that I read

2     this -- sorry for me calling it SOMF?  Because I have

3     flipped -- I have looked at it, of course.  I had to figure

4     out what would have to be sealed, what was sealed, but I

5     honestly don't think it's relevant for my consideration and

6     I don't think that it needs to be filed.  I don't think it

7     needs to be treated as an exhibit and I don't think I need

8     to consider it for purposes of the summary judgment motion -

9     - sorry, the lift stay motion and your opposition to it.

10    So, explain to me why.

11          MR. MARKUS:  Thanks, Your Honor.  I understand

12    everything you're saying and I'm not going to make an

13    argument; I'm just going to answer the questions that you

14    ask me.  The first question was about the -- whether the

15    SOMF was attached to the objection to the stay relief at

16    that time --

17          THE COURT:  (indiscernible)

18          MR. MARKUS:  We referenced it.  I just want to

19    mention for the record that we referenced it as a sealed

20    document but didn't attach that, and then followed up days

21    later with the motion to file it under seal and we were

22    doing that I would say in an abundance of caution.  Even

23    though we believed it was publicly filed, we didn't want to

24    re-publicly file it and were nervous about doing that and

25    sensitive to that, so we did it that way.

1           In terms of the "Why needed?" I think what I --

2     the best answer to that question is because this is a very -

3     - the stay relief motion is a very important motion from my

4     client's perspective for the future of this case and the

5     future of his debts and how they're going to be dealt with,

6     and in that regard the statement of material facts that was

7     filed, which is linked to evidence that was produced in the

8     case, we believed upon reading it would enable the Court to

9     further agree with us that stay relief should not be given,

10    and so we wanted to present that to the Court, but hearing

11    what the Court says now, I have no further argument and I

12    thank you for what you said.

13           THE COURT:  Mr. Schlenger or Mr. Gilbert?

14           MR. SCHLENGER:  I don't want to pile onto Your

15    Honor's points.  All I'll add is the Court has independent

16    authority under Section 107B of the bankruptcy code not to

17    allow a scandalous or defamatory matter to be filed, and we

18    certainly would ask that the Court exercise its discretion

19    to do so here.  In our view, as Your Honor said, this

20    document is completely irrelevant.  The Court can take full

21    judicial notice and has taken full judicial notice of the

22    pleadings and other papers in the case, which certainly give

23    the Court enough context to adjudicate the lift stay motion.

24           I'll also add, just on the subject of sealing, it

25    sounds to me that the debtor is conceding that the material

1  in this document was subject to the protective order and

2  should have been maintained in a permanent status.  I'll

3  also add that under the protective order the debtor also

4  should have -- or excuse me, the filing should have been

5  filed in redacted form as well and I don't think that was

6  done.  So, we've got another violation of the protective

7  order there.

8            But bottom line, Your Honor, I think you got it

9  exactly right that this document is not at all necessary to

10  the Court's adjudication of the lift stay motion.  It can

11  and should be kept off the docket, of course to the extent

12  that the Court is inclined to let it be filed, and again, we

13  don't think it needs to be.  We would ask that it be

14  permanently sealed, not just in the temporarily-sealed

15  status that Debtor's counsel requested.

16            THE COURT:  All right, thank you, Mr. Schlenger,

17  and I don't think Mr. Markus was admitting to anything.

18  I'll just say that for the record.  So --

19            MR. MARKUS:  Thank you very much, Your Honor.

20            THE COURT:  Yeah, so -- all right, so I -- look.

21  For the parties, I've obviously read the motion.  I've

22  considered what was, you know -- what was provided to me,

23  and I'm going to go ahead and deny the motion.  The reason

24  I'm going to deny it is I don't think that I need to

25  consider this document for this purpose, and obviously there

1  is an issue about whether it should have been filed in a

2  confidential nature based on the protective order and what

3  nature of what's in the document itself, the things that are

4  referenced in the document, and that's not for me to decide,

5  at least vis-à-vis what happened in state court or didn't

6  happen in state court, but it's enough to understand that

7  under the protective order there certainly seems like there

8  would have been a dispute about this, and -- between the

9  parties, and therefore, if I were going to allow it, I

10 certainly wouldn't allow it to be filed under anything other

11 than under seal under that circumstance.

12         But I don't think it's necessary or relevant to my

13 consideration here, so -- and it wasn't filed with the

14 actual pleading itself at the time that it was.  It wasn't

15 referenced that it was going to be an exhibit attached to

16 that pleading itself and it wasn't like it was forgotten, so

17 it's like I think somebody decided later on they wanted to

18 add it, but I'm just not going to allow that for this

19 purpose here.  I just don't think it's necessary.  I note

20 for the record, though, that doesn't mean that there will

21 never be a time in this case where it would or would not be

22 relevant for me to consider it, or other papers in the

23 summary motion, in the context of something different, and

24 so I am not going to -- I'm not going to preclude this --

25 you know, the fact that maybe someday later on somebody will

1    seek to attach this or introduce it to evidence for a

2    different purpose other than this motion for a lift stay,

3    because it seems to me that could be possible.

4          I mean, again, just being hypothetical, it's

5    certainly possible that at some point, you know, it could be

6    necessary for some party to provide it to me for some other

7    reason.  I don't see that in connection with this lift stay

8    motion, that it's necessary for me to make my determinations

9    on whether I should grant a lift stay under Section 362, so

10   I am for now not going to allow it to be filed at all and I

11   am denying the motion.  But if there's a different time

12   period wherein connection with a different motion or in

13   connection with the adversary proceeding itself, or a trial

14   or something else, I'm not saying I won't consider it.

15         But I will say that during that time period, to

16   the extent there's any dispute that something was or was not

17   confidential or was or was not defamatory, I'm not going to

18   be filing it on the docket.  That's where it's open.  Mr.

19   Markus is correct that right now I could Google it and read

20   it on the docket, but that does not mean that that's what

21   should or -- should have happened.  It also doesn't mean

22   that I'm ruling on whether it's defamatory, not defamatory,

23   any of that under 107.  I am just ruling that I find this

24   irrelevant to the motion and I am not -- I'm going to deny

25   the motion.  So, you can submit an order denying the motion

1   for the reasons that I just said on the record.  Mr. Gilbert

2   or Mr. Schlenger?  All right.

3          MR. SCHLENGER:  Thank you, Your Honor.

4          THE COURT:  With that, I'm going to turn the

5   podium back over to Mr. Schlenger and Mr. Gilbert for the

6   next motion, which is the motion to lift the stay, and

7   obviously I turn it over to you.

8          MR. SCHLENGER:  Thank you, Your Honor, and I will

9   be arguing the lift stay motion.  Joshua Schlenger again

10  from Sheppard Mullin for Ms. Schnur and her law firm.  Your

11  Honor, this is not your run of the mill lift stay motion in

12  connection with a pre-petition breach of contract claim

13  filed, for example, by a debtor -- excuse me, a vendor

14  against the debtor.  This is something much more significant

15  than that, Your Honor.  This involves a pre-petition lawsuit

16  for defamation and malicious prosecution by an attorney that

17  we maintain had her professional reputation entirely

18  destroyed by the debtor and his codefendants and

19  coconspirators in the state court action.

20          And a Federal court in the Eastern District of New

21  York has agreed that the inclusion of Ms. Schnur in that

22  prior action, which we define in our papers as "the sham

23  action" was indeed sanctionable and she should never have

24  been included in that complaint, but the damage was done and

25  Ms. Schnur has taken steps to try to restore her

1    professional reputation and this -- if ever there was a case

2    where the Sonnax factors clearly called for a lifting of the

3    stay, it's this one, Your Honor.  There is zero reason for

4    this court to be the one to adjudicate the merits of the

5    underlying defamation lawsuit.  The lawsuit was pending for

6    six years before the debtor filed for Chapter Seven relief

7    in this court.  It's now been pending for the better part of

8    a decade.  There are about a dozen parties in the state

9    court lawsuit; the debtor is one of them.  The debtor

10   continues to represent some of those parties.

11          As Your Honor mentioned in connection with the

12   previous motion, there is now a court order requiring that

13   summary judgment motions be fully briefed by mid-September

14   and there is also a pre-trial order directing that the pre-

15   trial conference take place in January of 2026.  And I don't

16   need to get into the Stern analysis, Your Honor; this is a

17   case that will involve a jury trial.  The claims cannot be

18   adjudicated in this court.  They can only be adjudicated in

19   the state court.  So, the state court, Your Honor, is fully

20   prepared and able to adjudicate all of the issues that are -

21   - that relate to the underlying defamation and malicious

22   prosecution claim.  The Court is ready to do so as early as

23   next year.

24          This is not a case where there's somehow a

25   significant risk that the state court litigation could

1    continue beyond Chapter Seven administration, Your Honor,

2    and adjudicating the claims in state court, besides being

3    Ms. Schnur's constitutional right to a jury trial, would

4    also be done to this court's benefit.  Yes, there is a non-

5    dischargeability proceeding pending in this court, but the

6    issues that go to that non-dischargeability proceeding will

7    be adjudicated in the state court action as well.  So, for

8    example, the question of malice:  did the debtor and the

9    other defendants act with malice against Ms. Schnur?  That

10   is a contention that we make in the state court action and

11   it's a contention that will go to the Court's non-

12   dischargeability analysis.

13          Whereas, if you lop off the debtor from the state

14   court action and try those issues in this court, we're just

15   going to have piecemeal litigations, Your Honor, which is

16   not going to be efficient for anyone.  All we're looking to

17   do, Your Honor, here is to fully adjudicate the merits of

18   the claim in the state court.  The state court is well

19   prepared to do that.  Obviously, this is a case that arises

20   under New York law.  The New York court can apply it.  I'm

21   sure Your Honor can apply it as well, but the New York court

22   can certainly do it, and those determinations will then be

23   dispositive as to at least some issues in the non-

24   dischargeability proceeding, but it's not going to infringe

25   at all on this court's prerogative to decide priority of

1    creditors or whether the amount of the claim -- excuse me,

2    whether the debtor should be held fully liable for the full

3    amount of the claim.  This court will obviously maintain its

4    prerogatives under the bankruptcy code, but it will have the

5    benefit of full adjudication on the merits in the state

6    court.

7            Obviously, Your Honor, as we said in our papers,

8    we won't be seeking -- we wouldn't be seeking enforcement or

9    collection of any judgment in the state court action while

10   this Chapter Seven proceeding is pending.  The point, Your

11   Honor, is to get to a full resolution on the merits in the

12   state court action, give Ms. Schnur her day in court against

13   not only the non-debtor defendants but against the debtor as

14   well, let her at least hopefully obtain some measure of

15   justice to help restore her professional reputation, and

16   then at the appropriate time we can then return to this

17   court and hopefully decide the question of how much of that

18   judgment is enforceable against the debtor.  With that, Your

19   Honor, I'll pause or leave it there.  I'm happy to answer

20   any questions.

21           THE COURT:  Okay.  So, Mr. Schlenger, here's where

22   my problem is, and I realize that your client kind of had

23   Hobson's choice, but you know, the Bankruptcy Code is clear

24   on some things.  I mean, I don't just get to decide that I'm

25   going to put off hearing a, you know, dischargeability of

1    debt action or -- again, I'm not being averse to the state

2    court's process here.  I'm sure they're moving as quickly as

3    they possibly can, but you know, a year from now, where I

4    might actually start it, based on what you're saying --

5    that's just not how adversary proceedings or bankruptcy

6    moves in timeframes, and I know you know that.

7              So, you know, when you all -- when this bankruptcy

8    case was filed, I realize you were not Ms. Schnur's counsel,

9    but you know, there -- when you make a decision to commence

10   an adversary proceeding for non-dischargeability of a debt

11   under certain sections of the Bankruptcy Code and then your

12   complaint reads virtually identically to the state court

13   complaint -- and it does.  Honestly, my law clerk and I sat

14   there, pored over it.  It just does.  You can't then say to

15   me, "Oh, put this off for like, a whole year plus.  We'll

16   get to the non-dischargeability action.  We didn't really

17   mean that.  We don't want to get to it until later.  We just

18   filed it as a placeholder."  You know, it just doesn't work

19   like that.  You know, I have to proceed in that action.

20             And so, there is inevitably going to be a lot of

21   overlap, because even if I lifted the stay and allowed the

22   state court proceeding to be (indiscernible) then Mr.

23   Balestriere is litigating these issues in two courts at the

24   same time in a Chapter Seven estate that doesn't have a lot

25   of money, and then it has to -- I have the possibility of

1   different rulings from two courts with respect to Mr.

2   Balestriere.  I have the issue of, you know, that's going to

3   proceed -- you know, the cost to the estate, and I have the

4   issue that I still have to consider, for example, motions to

5   dismiss.  Okay, maybe if I dismiss the whole adversary

6   proceeding, this lift stay motion would make more sense at

7   that point, because then I don't have a dischargeability

8   issue; then I've just got the claim issue to resolve.

9           But while I have the dischargeability complaint in

10  front of me -- and I don't think you're going to just tell

11  me to go ahead and dismiss it -- I have to proceed with it.

12  I have a motion to dismiss that I'm hearing next  month.  If

13  I don't dismiss it, we're going to answers.  We're going to

14  discovery and we're going to trial, eventually.  Summary

15  judgment and trial.  That is just what has to happen here,

16  and the fact that these things are so identical?  Yes, it's

17  disheartening, because there's going to be duplication no

18  matter what I do.  It's just a question of what duplication

19  and where and that's what I'm having trouble with.

20          And again, if your client -- if it wasn't their

21  own complaint and their own decision to file a complaint

22  that reads like that, seeks the same, you know, different

23  results of non-dischargeability, but for all the same

24  issues, facts, everything, then I would maybe have a

25  different perspective.  But it is your client's decision to

1   have done that, so here I am, and what you're saying to me

2   is I should just put that on the shelf and wait.  Right?

3   Isn't that what you're saying to me?

4          MR. SCHLENGER:  I'm saying, Your Honor, that

5   there's already been significant discovery and proceedings

6   in the state court action --

7          THE COURT:  That could speed up my process because

8   maybe nobody needs more discovery.  I don't know, but I'm

9   just saying to you, that's my problem.  Again, if this were

10  completely different issues, again, if the complaints didn't

11  read identically, again, if your client hadn't actually

12  filed the adversary proceeding themselves, making the

13  decision to make this an issue before me, which they could

14  or could not have done, as they chose, I wouldn't be in this

15  situation, but I am.  So, that's where my problem is.  The

16  only thing I see you're telling me to do is "Wait, don't do

17  anything in the adversary proceeding until such time as the

18  whole matter gets litigated by the state court.  Maybe on

19  summary judgment.  Maybe to trial."  And then, only then, do

20  I get to my dischargeability action and only then do I get

21  to the proof of claim dispute.  That's what you're telling

22  me, in a Seven.  Right?  I think I'm understanding it

23  correctly.

24          MR. SCHLENGER:  I think you're reciting the

25  timeline correctly, Your Honor, because this is a case where

1    we're basically, at least in state court world, on the eve

2    of trial.  This isn't a situation where we're yet to begin

3    discovery.  This isn't a situation even where summary

4    judgment motions have yet to be filed.  The note of issue on

5    the certificate of readiness for trial was filed last year.

6    It was motion practice to try to vacate it and that was

7    denied.  The case is indeed continued -- it continues to be

8    certified for trial.  We're talking here, Your Honor, just

9    about a relatively brief window to keep certain issues in

10   the non-dischargeability proceeding in abeyance so that the

11   state court can resolve them, which frankly, they will be

12   dispositive in the non-dischargeability proceeding, Your

13   Honor.  So, I do think --

14           THE COURT:  I understand that, and believe me, I

15   like it better when the state court action has already

16   happened and all I have to do is figure out, what does that

17   mean in my context of the bankruptcy code?  But that isn't

18   what always happens in these situations, and you know, that

19   is an issue, and you haven't filed a motion to stay the

20   adversary proceeding, which you could have.  So, I have --

21   I'm proceeding.

22           So, I just don't see how given that I have to

23   proceed and my opinion is I have to proceed -- because no

24   disrespect to the state court; I'm giving the judge the

25   utmost respect, to be honest, here, that they've got these

1    things scheduled for briefing in September, that they're

2    going to hear argument if they want to, they're going to

3    rule on it as soon as they can.  It's not the only thing

4    they have on their docket, no doubt, without knowing all the

5    things.  Just because someone has a pre-trial conference

6    scheduled for a date doesn't mean that's when it's going to

7    happen.  I can tell you how many times mine don't happen, so

8    hey, okay.  I'm just going to accept that.

9              And if there isn't summary judgment -- if summary

10   judgment is granted then maybe that's just the end of it.

11   You're right, it could be very quick, but if it's not,

12   there's going to be a trial, and I don't know when that's

13   going to be in 2026, but I'll accept your statement it'll be

14   in 2026, just sometime in 2026, depending on when -- what

15   happens with the summary judgment motions and when the judge

16   rules on them and what else the judge has on their calendar,

17   none of which I can predict.

18             But anyway, I'll accept that the trial will happen

19   in 2026, but you know, I just don't think that's a strategy

20   here for me trying to decide what the lift stay situation is

21   at this point.  I just don't see that.  And you know,

22   otherwise what I have to do is stay your action, not let

23   anything move forward, because otherwise it would be

24   duplicative, and rely completely on what the state court is

25   doing.  And there's other ways you could have done that, so

1    -- and you haven't, so I'm here.  All right.  Well, anyway,

2    that's my perspective on that.  All right, I'm going to let

3    Ms. Grubin respond and then you can have a chance to respond

4    further, Mr. Schlenger.

5            MR. SCHLENGER:  Sure.  Thank you.

6            MS. GRUBIN:  Thank you, Judge.  Good morning.

7    Janice Grubin on behalf of the debtor.  Your Honor, we

8    really stand on our papers, frankly, and the Court's

9    comments on the record.  We would note that the motion for

10   lift stay was filed on May 15th.  The bankruptcy case was

11   filed on August 16th last year and that's -- that was --

12   September, October, November, December.  That's nine months

13   before.  And you know, for all the reasons set for in our

14   papers and even under the Sonnax factors, we strongly

15   believe that the motion should be denied.  We also note that

16   there are continuing allegations about Mr. Balestriere and a

17   sanctions motion, but yet there has been nothing found in

18   the state court action that would support any of these

19   allegations.  They're all allegations yet to be proven

20   before this court, in our view.

21           We would also suggest, Your Honor, that as Your

22   Honor pointed out, the fact that there's a pre-trial

23   conference scheduled in January of '26 is cold comfort for

24   this case to be moving -- for the state court action to be

25   moving forward.  We note that the last pre-trial conference

1    of the state court action was in May, apparently, and it was

2    -- it's been adjourned now to January, and there's no

3    guarantee that that will go forward and that there won't be

4    further motion practice with respect to the summary judgment

5    motion, and other parties are saying that there should be

6    more discovery in that matter.  So, it's far from certain

7    that the case is trial-ready and will go to trial, you know,

8    somewhere in '26.  And frankly, Your Honor, that's all I

9    have to say here.  We support the denial of this motion

10   vociferously and I can answer any questions the Court would

11   like to inquire.

12             THE COURT:  I don't have any questions, Ms.

13   Grubin.  I've read your papers.

14             MS. GRUBIN:  Thank you, Judge.

15             THE COURT:  Mr. Schlenger, anything else you want

16   to add?

17             MR. SCHLENGER:  Yes, Your Honor.  First of all, we

18   reject that there's been no evidence against Mr. Balestriere

19   himself in the state court action, and we detail that in our

20   papers.  I'm not going to belabor it.  But Your Honor, I do

21   want to just focus for the moment on the first Sonnax factor

22   and I do think that to the extent that the case in state

23   court proceeds without Mr. Balestriere as a defendant, then

24   we're really setting both courts up for the risk of

25   inconsistent decisions and you know, there will be

1    determinations with respect to the other eleven non-debtor

2    defendants in the state court action.  That very well could,

3    likely will, impact any determinations made against Mr.

4    Balestriere.  So, I completely appreciate the Court's

5    concern for Chapter Seven administration, but I would

6    respectfully submit that I do think it is within the Court's

7    discretion to lift the stay to allow the claims against Mr.

8    Balestriere to go forward so that at least those claims can

9    be liquidated, and then we can deal with the question of

10   dischargeability before this court.

11            THE COURT:  I understand, Mr. Schlenger, your

12   argument.  I just -- my issue is that this adversary

13   proceeding was commenced in November.  If the parties wanted

14   to proceed in the state court process and not have this move

15   forward, there were things that could have been done since

16   November, and they weren't.  So, I'm now at a stage where I

17   have a motion to dismiss the complaint that I have before me

18   that's been -- the issue's been joined, and I need to decide

19   that.  Obviously, if I dismiss the complaint then maybe

20   there's a good argument for coming back to me and asking me

21   to lift the stay at that point because there isn't going to

22   be an adversary proceeding pending before me.  Okay, I get

23   that.

24            But assuming that doesn't happen, I have to rule

25   on that.  If I determine that there's not going to be a

1    dismissal, at least for all the counts or some of the counts

2    or whatever the basis is, then I'm going to have answers and

3    discovery and a process.  And invariably, you're right.  The

4    facts are going to be duplicative.  That is just true.  But

5    again, there were ways of handling this back in November of

6    2024 and not now, after we've already had a motion to

7    dismiss filed and a process set up and it's been like --

8    well, not a whole year, but a long time in this process.

9    And look, I just don't -- I don't think the process for this

10   is for me to just wait until sometime in 2026 when maybe

11   there'll be a determination and the trial.

12            And I'm going to give the state court the benefit

13   of the doubt that that trial will take place if there needs

14   to be one in 2026, and maybe there won't need to be one at

15   all because maybe summary judgment will win out, I don't

16   know, and everything will end, which obviously would make

17   your adversary proceeding perhaps moot, but I don't know.

18   So, I just -- again, it's clear to me there's going to be

19   duplication.  I'm sorry to say that.  It's the nature of

20   what was determined with this adversary proceeding.  There

21   were probably ways of handling it differently.  I think

22   there are clearly ways that it could have been handled

23   differently and it wasn't, so I am where I am.  So, I'm

24   going with what I think, and I -- I am going to apply the

25   Sonnax factors and explain to you why I think I'm still

1    satisfied that I shouldn't lift the stay.  So, let me start.

2         Yifat W. Schnur, who I will refer to as "Schnur",

3    and Yifat W. Schnur, Esquire, LLC, which I will refer to as

4    "the Schnur firm", together with Schnur -- I'll refer to as

5    "the Schnur parties" -- filed a motion, which I'm going to

6    refer to as "the motion", pursuant to 11 USC 362(d)(1) and

7    362(b)(4), Bankruptcy Rule 4001(a) and Local Bankruptcy Rule

8    4001-1, for an order lifting the automatic stay to allow the

9    Schnur parties to litigate their claims as to judgment in

10   the action pending in the New York County Supreme Court,

11   which I am going to refer to for purposes of this as "the

12   state court".  The action in the state court is captioned as

13   Schnur et al versus Balestriere et al, Index Number 160095-

14   2018, which I am going to refer to as "the state action".

15   That's ECF Number 94 of the motion.

16        John G. Balestriere, the debtor in this Chapter

17   Seven proceeding, filed an objection to the motion, which

18   I'll refer to as "the objection", ECF Number 113.  On July

19   18th, 2025, the Schnur parties filed the reply, which I'll

20   refer to as "the reply", ECF Number 126.  On December 18th,

21   2024, the Schnur parties commenced an adversary proceeding

22   against the debtor, Adversary Proceeding Number 24-04036,

23   seeking to render their debts non-dischargeable under

24   Section 523 of the Bankruptcy Code, referred to as "the

25   Schnur adversary proceeding", and I note it's ECF Number 32.

1          The allegations in the complaint are largely

2    similar to the allegations against the debtor in the state

3    action.  In addition, each of the Schnur parties filed a

4    proof of claim against the debtor in the amount of at least

5    $100 million and each proof of claim attached to the

6    complaint from the state action is the basis for the claim,

7    Claim Numbers Eight and Nine.  The Court has reviewed the

8    motion and the objection, all exhibits thereto and the

9    reply, and has heard oral argument today at the hearing.

10   The Schnur parties have the burden of demonstrating pause

11   for lifting the automatic stay.  I note that to the extent I

12   don't reference an argument that's been made, I'm just

13   overruling it in the papers.

14          The Court has weighed the following twelve

15   factors, known as the Sonnax factors, which it does think is

16   the basis for the Court considering whether or not to lift

17   the stay under 362(d)(1).  First, whether the relief will

18   result in partial or complete resolution of the issues;

19   second, lack of connection with or interference with the

20   bankruptcy case; third, whether or not the other proceeding

21   involves the debtor as a fiduciary; four, whether the

22   specialized tribunal with the necessary expertise has been

23   established to hear the cause of action; five, whether the

24   debtor's insurer has assumed full responsibility of

25   defending it; six, whether the action primarily involves

1   third parties.

2          Seven, whether the litigation in another forum

3   would prejudice the issue of other creditors; eight, whether

4   the judgment claim arising from the other action is subject

5   to equitable subordination; nine, whether the movant's

6   success in the other proceeding would result in a judicial

7   lien avoidable by the debtor; ten, the interest of judicial

8   economy and the expeditious and economical resolution of

9   litigation; eleven, whether the parties are ready for trial

10  in the other proceeding; and twelve, the impact of the stay

11  on the other parties and the balance of the harm.  In re

12  Sonnax Industries, Inc., 907 F 2d 128 1286, Second Circuit

13  1990.

14          The Court's analysis of the Sonnax factors is as

15  follows.  Factor one:  granting a motion would not lead to a

16  complete resolution of the dispute between the parties.  In

17  particular, the Schnur parties filed the Schnur adversary

18  proceeding, seeking non-dischargeability of the debtor's

19  debts to the Schnur parties, which dispute may only resolve

20  by this court.  The Court compared the complaint filed in

21  the state court action, which is attached to the proofs of

22  claim filed by the Schnur parties, so the Court is able to

23  take judicial notice of it, and the complaint filed in the

24  Schnur adversary proceeding, which is of course the Court's

25  ability to take judicial  notice of its own docket.  The

1  complaint filed in the Schnur adversary proceeding is

2  substantially similar to the complaint filed in the state

3  action.  Also, each of the Schnur parties filed a proof of

4  claim and allowance and disallowance of the claims is a core

5  matter before this court.

6       Factor two:  with respect to the debtor, allowing

7  continuing litigation against the debtor in the state action

8  would interfere with the debtor's bankruptcy case.  The

9  debtor, who is in Chapter Seven, would have to expend

10 additional fees on somewhat duplicative litigation.  There

11 is also the risk of contrary results from the litigation

12 between the two -- before the two courts vis-à-vis the

13 debtor.  As the Schnur adversary proceeding cannot just

14 await the results of the state action, there would have to

15 be duplicative litigation if this court were to lift the

16 automatic stay, no matter what.  Counsel to the Schnur

17 parties must have considered this when deciding to commence

18 the Schnur adversary proceeding, and as this court noted,

19 back  in November when the adversary proceeding was

20 commenced there could have been a motion to stay the

21 proceeding pending resolution of the state court action and

22 no such motion has been filed in the adversary proceeding,

23 and it is now July 23rd.

24       Factor three:  the state action does not involve

25 the debtor acting as a fiduciary for the Schnur parties.

1   The debtor may have been acting in a fiduciary capacity

2   versus the other defendants in the state action and the

3   Court isn't ruling one way or the other on that.  Factor

4   four:  the state action is not a specialized tribune for

5   libel, defamation and malicious prosecution or other claims

6   asserted in the state action against the debtor.  However,

7   this court is a specialized court and has sole jurisdiction

8   to hear and determine the Schnur adversary proceeding and to

9   determine the allowance or disallowance of the proofs of

10  claim filed by the Schnur parties.  Accordingly, the Court

11  finds that that factor supports not lifting the stay.

12          According to the debtor, he does not have any

13  insurance which covers the cost incurred by him in the state

14  court or any damages awarded in the state court.  The Schnur

15  parties have not provided any evidence to the contrary.  So,

16  the Court finds that Factor Five doesn't support lifting the

17  stay.  Factor six:  based on the Court's review of the

18  pleadings from the state action, which were attached to the

19  motion, the objection, the debtor is a significant party in

20  the state action, no question about that.  Thus, while the

21  state action can and will proceed as the debtor against the

22  defendant, the state court action does not just involve

23  third parties.

24          Factor seven:  the Schnur parties chose to file

25  proofs of claim in this court and submitted themselves to

1    the Court's jurisdiction.  The Schnur parties also filed the

2    Schnur adversary proceeding before this court; therefore,

3    proceeding in this forum will not prejudice the Schnur

4    parties' interests, as it is a court that they have selected

5    for some of their purposes.  With respect to the other

6    creditors of the debtor, it is not clear that the litigation

7    before the state court would prejudice them, but the

8    additional cost of such litigation would dissipate the

9    debtor's estate.

10           Factors eight and nine:  there is no judgment

11   claim subject to equitable subordination, and there is no

12   judgment lien which would be avoidable, which in each case

13   would arise in the state court action, so that's just not

14   applicable.  Factor ten:  the interests of judicial economy

15   and expeditious and economical resolution of the litigation

16   supports the continuation of the automatic stay.  The Schnur

17   adversary proceeding and the allowance or disallowance of

18   the Schnur proofs of claim are before this court and will be

19   determined by this court; therefore, allowing this court to

20   determine any claims that the Schnur parties may have

21   against the debtor is in the interest of judicial economy.

22           The Court finds that the cases cited by the Schnur

23   parties in their reply to be distinguishable in connection

24   with this matter.  The debtor's bankruptcy case is not a

25   two-party dispute, as in the McGinnis case, and there is no

1    evidence that the section -- the Chapter Seven case was

2    filed solely because of the state action.  950 Meat and

3    Grocery is also distinguishable because the state court is

4    not on the eve of trial.  The reason for the debtor's filing

5    does not appear to be the state action and unlike here, as

6    in 950 Meat and Grocery, the movant has not commenced

7    litigation before -- had not commenced litigation before the

8    bankruptcy court for non-dischargeability of its debts based

9    on similar allegations.  So, the Court finds that the tenth

10   factor supports the denial of the motion.

11            Factor eleven:  the parties are not ready for

12   trial in the state action, but are currently engaged in

13   summary judgment litigation.  That's where things stand.

14   Again, I'm not disputing that trial might happen in 2026.

15   Just saying it's not happening right now, Factor Eleven.

16   Factor twelve:  the impact of the automatic stay on the

17   parties and the balance of the harms.  The Schnur parties

18   chose to commence the Schnur adversary proceeding and to

19   file proofs of claim against the debtor knowing that many of

20   the facts and allegations made by the Schnur parties before

21   this court are similar to the facts and allegations made in

22   the state action.  While the stay precludes the Schnur

23   parties from proceeding against the debtor in the state

24   action, it also precludes duplicative litigation against the

25   debtor, which would be costly for the debtor.  Therefore,

1       the Court finds that the balance of the harm weighs in favor

2       of the debtor.

3                Applying the Sonnax factors, the Court denies the

4       motion, finding that there is not cause under Section

5       362(d)(1) of the Bankruptcy Code to lift the automatic stay.

6       The Court notes that the Schnur parties also seek relief in

7       the motion from the automatic stay under Section 362(b)(4)

8       of the Bankruptcy Code.  The Schnur parties are not

9       governmental units as defined in Section 101 of the

10      Bankruptcy Code and the state action does not involve the

11      enforcement of police or regulatory powers by governmental

12      units.  Section 362(b)(4) therefore is inapplicable and thus

13      the Court denies the motion also on those grounds.  So,

14      that's my ruling.  Ms. Grubin, you should submit an order

15      for me denying the motion.

16                MS. GRUBIN:  I will do so, Your Honor.  Thank you.

17                THE COURT:  And Mr. Schlenger, this is not

18      prejudicing your ability to come back to me at some other

19      time for this motion.  I can foresee that it's possible.  I

20      pointed out that if I dismiss the adversary proceeding --

21      not saying I will, but saying hypothetically -- you would

22      have a basis, maybe, for coming back to me in a different

23      scenario and a different posture than you're in.

24                If the action is going to be at trial, depending

25      on where things are in this proceeding, you might have a

1    point of seeking something else, whether it's a stay at that

2    point, a lift stay request at that point, I don't know.  But

3    where I am now, I do not believe that in the procedural

4    posture that the adversary proceeding is in at the moment

5    and this case is in at the moment, that what you're moving

6    for under this motion is supportable, but I'm not saying to

7    you that there is never a possibility of that.  I'm just

8    denying the motion based on the facts as they are today, and

9    that doesn't mean that in the future facts couldn't change,

10   but I think that, you know, you understand my thinking about

11   this and where I am with this, so that's my ruling.

12            MR. SCHLENGER:  I do, thank you, Your Honor.

13            THE COURT:  And I appreciate the arguments and the

14   papers from both sides.  Obviously, I've read them, all the

15   cases and everything in my ruling.  All right, with that, I

16   know I will see everyone again in August, so I don't know if

17   there's anything else that the parties wanted to discuss

18   about the case today.

19            MS. GRUBIN:  One question, Your Honor.  Do you

20   want us to submit an order denying the motion to seal?

21            THE COURT:  No, I actually asked Mr. Schlenger to

22   do that.

23            MS. GRUBIN:  Oh, okay.

24            THE COURT:  Because I ruled in his favor.

25            MS. GRUBIN:  Thank you.

1          THE COURT:  So, he's going to submit an order for

2    me for that and you're going to submit an order for me for

3    my denial of the motion to lift the automatic stay.

4          MS. GRUBIN:  And we can -- we'll circulate that

5    before we submit it to Chambers.

6          THE COURT:  Yes, you both should.  Yes, I agree

7    with that.  I think that's how Mr. Schlenger and Mr. Gilbert

8    operate and I know that's how you operate, so that's fine,

9    and Mr. Markus, so I would expect that.

10          MS. GRUBIN:  Thank you, Judge.

11          THE COURT:  All right.  Okay, well, if there's

12    nothing else, I wish you all a good rest of day and court is

13    now adjourned and you all may be excused.

14          MR. MARKUS:  Thank you, Your Honor.

15          MS. GRUBIN:  Thank you, Judge.

16          (Whereupon these proceedings were concluded at

17    10:59 AM)

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3     I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6

7

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  July 28, 2025