**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 2310
New York, NY 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*and*

**BALESTRIERE**
Michael J. Weiner
28 Broadway, 6th Floor
New York, New York 10005
Telephone: (212) 540-7362
michael.weiner@balestrierefirm.com

*Counsel to Debtor Defendant John G. Balestriere*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>JOHN G. BALESTRIERE,<br>                    Debtor. | Chapter 7<br><br>Case No. 24-11422 (lgb) |
| YIFAT V. SCHNUR and YIFAT V. SCHNUR, ESQ., LLC,<br>                    Plaintiffs,<br>-against-<br>JOHN G. BALESTRIERE,<br>                    Defendant. | Adv. Proc. No. 24-04036 (lgb) |
| PRAVATI CAPITAL, LLC,<br>                    Plaintiff,<br>v.<br>JOHN G. BALESTRIERE, *et al.*,<br>                    Defendants. | Adv. Proc. No. 25-01110 (lgb) |

**DEBTOR'S OMNIBUS RESPONSE TO THE LIMITED
OBJECTIONS AND RESERVATION OF RIGHTS OF
SCHNUR PARTIES AND PRAVATI CAPITAL, LLC TO TRUSTEE'S
REPORT OF NO DISTRIBUTION PURSUANT TO BANKRUPTCY RULE 5009**

John G. Balestriere, as debtor and defendant (collectively, the "Debtor") in the above-captioned case and adversary proceedings, by and through his undersigned counsel, files this Response (the "Response") to (a) the Schnur Parties' Limited Objection and Reservation of Rights to Trustee's Report of No Distribution, dated December 24, 2025 (ECF 150, the "Schnur Parties' Limited Objection") and (b) Pravati Capital, LLC's ("Pravati") Limited Objection and Reservation of Rights to Trustee's Report of No Distribution Pursuant to Fed. R. Bankruptcy P. 5009, dated December 29, 2025 (ECF 152 and AP 27, the "Pravati Limited Objection" and, together with the Schnur Parties' Limited Objection, the "Limited Objections"). In support of the Response, the Debtor respectfully submits and states as follows:

**PRELIMINARY STATEMENT**

1. The Schnur Parties "object to the Trustee's Notice and the proposed closure of the Chapter 7 Case **to the extent that it would result in a discharge order or final decree before the Adversary Proceeding is fully adjudicated on the merits**" and respectfully request that, "**to the extent the Court wishes to close the Chapter 7 Case**, **the Court enter an order** (i) retaining jurisdiction over and continuing adjudication of the Adversary Proceeding until it is fully resolved on the merits; and (ii) **refraining from issuing any discharge order or final decree until after the Adversary Proceeding is fully adjudicated on the merits**." *See* Schnur Parties' Limited Objection (emphasis added).

2. Pravati "objects to the Trustee's Notice to the extent that it would result in (i) the closure or dismissal of Pravati's Adversary Proceeding or (ii) the issuance of an order of discharge or dischargeability in the Chapter 7 case." *See* Pravati Limited Objection (emphasis added).

2

3. For the reasons discussed below, the Limited Objections seek relief that is both unnecessary and unwarranted and, to the extent they seek affirmative relief via the Limited Objections, such requested relief should be denied.

**The Relief Requested In the Schnur Parties' Limited Objection is Unnecessary and Should Be Denied**.

4. As set forth in clear terms in Bankruptcy Code section 523 (a): "**A discharge under section 727**, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title **does not discharge an individual debtor from any debt**" of the twenty types of nondischargeable debtors listed thereunder, which include subsection (a)(6), the sole pending dischargeability count against the Debtor *See* 11 U.S.C. § 523. *See also* Bankruptcy Code section 727(b) ("Except as provided in section 523 of this title, a discharge under this subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter,…") (emphasis added)

5. Because Section 523 – entitled "Exceptions to Discharge" – creates a statutory "exception" to any general discharge that may be ordered by the court under Section 727, and because most bankruptcy courts, including the bankruptcy courts in this District, have developed a form of discharge order that directly speaks to the relief requested by the Schnur Parties in their Limited Objection, there are not many relevant decisions. The following decisions explain why the Schnur Parties' Limited Objection does not support any action being taken to preserve the *status quo*.

6. For example, in *Union Natl. Bank v Leigh (In re Leigh)*, 165 B.R. 203, 222 (Bankr. N.D. Ill. 1993), the debtor unsuccessfully argued that, because the general discharge was entered before the completion of the dischargeability adversary proceeding, the dischargeability

3

proceeding must be dismissed. The debtor's argument was firmly rejected by the bankruptcy court, as follows:

> [b]ecause the complaint [sought] to hold the judgment debt non-dischargeable under sections 523(a)(2)(A) and 523(a)(6), the discharge order did not bar the Bank's relief sought." <u>The fact that the Debtor received a discharge prior to the final determination of the instant dischargeability of the judgment debt, does not effectively bar either Count I or II of this complaint</u>.

*Id.* (emphasis added).

7. "The discharge order did not discharge the debts that creditors-appellees contested in their dischargeability complaint." *Gray v. Berry (In re Gray)* 2000 U.S. Dist. LEXIS 23683 *12 (W.D. Wis. Apr. 12, 2000). *See* also *Union National Bank of Marseilles v. Leigh (In re Leigh)*, 165 B.R. 203 (Bankr. N.D. Ill. 1994) ("The discharge order specifically contemplates the possibility of a determination by the [bankruptcy court], after the date of discharge, that certain debts may be non-dischargeable under § 523(a)(2), 523(a)(4), or 523(a)(6)").

8. Bankruptcy courts, without exception, have held that

> [s]ection 523(a) provides . . . that [a] discharge under section 727 . . . does not discharge an individual debtor from any debt," and then goes on to list the 19 exceptions, which includes paragraphs (2), (4) and (6). Section 523(c)(1) provides that . . . "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a). **Hence, a debt is not discharged if a timely complaint is filed objecting to discharge of that debt under** . . . § 523(a)(6) (willful and malicious injury) **unless and until the bankruptcy court denies the objection**.

*Kvassay v Kvassay (In re Kvassay)*, 2016 Bankr LEXIS 3654, at *21-22 [BAP 9th Cir Oct. 6, 2016) (emphasis added). *See* also *BUKE, LLC v. Eastburg (In re Eastburg)*, 440 B.R. 851, 857 (Bankr. N.M. 2010) (holding same and citing cases).

9. As other bankruptcy courts have pointed out, and as the bankruptcy court in *Kvassay* correctly observed, "the discharge order in this case specifically contemplates the

4

possibility of a determination by the bankruptcy court, after the date of discharge, that certain debts under § 523 may be nondischargeable." *Kvassay*, 2016 Bankr LEXIS 3654, at 22; *see also Gray v. Berry (In re Gray)*, at *5 (same); *Leigh*, 165 B.R. at 222 (Bankr. N.D. Ill. 1993) (same).

10. As the Court is also aware, pursuant to Bankruptcy Rule 9009(a), the bankruptcy courts in this District utilize the Official Bankruptcy Form 318 – Order of Discharge. Attached hereto as Exhibit A and Exhibit B are copies from the respective ECF docket of two discharge orders entered recently in two chapter 7 cases pending before Your Honor. Consistent with Official Bankruptcy Form 318, in each instance, the discharge order states as follows:

> Examples of **debts that are not discharged are**:
>
> **debts that the bankruptcy court** has decided or **will decide are not discharged in this bankruptcy case**.

*See* Exhibit A and Exhibit B

11. Circling back to the following relief requested by the Schnur Parties in light of the foregoing, the Court need not and should not take any action in connection with the relief requested in the Schnur Parties' Limited Objection:

a. **Schnur Parties' Request 1**: "object to the Trustee's Notice and the proposed closure of the Chapter 7 Case to the extent that it would result in a discharge order or final decree before the Adversary Proceeding is fully adjudicated on the merits . . ."

Although it is possible that a general discharge order may enter before the a ruling on the complaint in the Adversary Proceeding, that possibility is irrelevant. Per Section 523(a) and the above-cited case law, the possibility that the Debtor may receive a general discharge beforehand is no grounds for delay of his discharge. *See N. Tex. Cap.Partners, L.P. v Dorvil (In re Dorvil)*, 665 BR 35, 43-44 (Bankr ND Tex 2024) (*"While this Adversary Proceeding was pending, this court granted its typical Order of Discharge in the Bankruptcy Case (on July 19,

2023). The Order of Discharge summarizes what types of debts are and are not discharged. Notably, any pending adversary proceeding seeking a determination as to the dischargeability of a particular debt, pursuant to § 523(a), continues on after a discharge order is entered, for the bankruptcy court to resolve in due course.") "To be clear, **<u>a chapter 7 debtor's overall discharge is not "held up" while an individual creditor seeks to have a debt owed to it excepted from the discharge</u>**". *Id. (emphasis added)* The Schnur Parties have not cited to any contrary case law in the RND Objection.

  b. **<u>Schnur Parties' Request 2</u>**: an order of the Court "refraining from issuing any discharge order or final decree until after the Adversary Proceeding is fully adjudicated on the merits." This request for an order enjoining the Court from issuing any discharge order until after the Adversary Proceeding is fully adjudicated, has not been properly presented to this Court via the Schnur Parties' Objection. Again, per Section 523(a) and the above-cited case law, the possibility that the Debtor may receive a general discharge beforehand is no grounds for delay of his discharge. The Schnur Parties have not cited to any contrary case law in their Limited Objection.

  c. **<u>Schnur Parties' Request 3</u>**: "to the extent the Court wishes to close the Chapter 7 Case, the Court enter an order (i) retaining jurisdiction over and continuing adjudication of the Adversary Proceeding until it is fully resolved on the merits." The Debtor does not dispute, and has never disputed, that this Court should retain jurisdiction over the dischargeability determination to be made in the Adversary Proceeding.

**The Relief Requested In the Pravati Limited Objection is Unnecessary and Should Be Denied**.

12.  Pravati "objects to the Trustee's Notice and any purported proposed closure of the Chapter 7 case to the extent that it would result in a discharge order or final decree before the Adversary Proceeding is fully adjudicated on its merits, and respectfully requests that Court refrains from issuing any discharge order or final decree until after the Adversary Proceeding is fully adjudicated on the merit<u>s</u>" *See* Pravati Limited Objection, Wherefore Clause, pg. 4.

13.  Of course, a trustee's final report does not close a creditor's discharge adversary proceeding, and Pravati points to no instance where it could, or would.

14.  And Rule 4004(c)(1)(B) of the Federal Rules of Bankruptcy Procedures provides clearly that "[i]n a Chapter 7 case, when the times to object to discharge and to file a motion to dismiss the case under Rule 1017(e) expire, the court must promptly grant the discharge—**except under these circumstances**:

> (B) **a complaint**—or a motion under §727(a)(8) or (9)—**objecting to the discharge is pending**." *See* F.R.B.P 4004(c)(1)(B) (emphasis added).

15.  The relief requested from the Court by Pravati is identical to the relief that Congress made available to all creditors with pending discharge objections, as set forth in Bankruptcy Rule 4004(c)(1)(B). Because a discharge order cannot enter until the Court adjudicates Pravati's discharge complaint, none of the relief requested by Pravati is necessary or appropriate and the relief it requests in its Limited Objection should be denied.

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order denying the relief requested by the Schnur Parties and Pravati in the Limited

Objections, allowing the Trustee's Notice in its present form and granting such other and further relief as may be just and proper.

Dated: December 30, 2025

**BARCLAY DAMON LLP**

By: /s/Ilan Markus
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 2310
New York, NY 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

and

**BALESTRIERE**
Michael J. Weiner
28 Broadway, 6th Floor
New York, New York 10005
Telephone: (212) 540-7362
michael.weiner@balestrierefirm.com

*Counsel to Debtor Defendant John G. Balestriere*