UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**JOHN G. BALESTRIERE,**<br><br>                Debtor.<br><br>**YIFAT V. SCHNUR and YIFAT V. SCHNUR, ESQ., LLC**,<br><br>                Plaintiffs,<br><br>– against –<br><br>**JOHN G. BALESTRIERE**,<br><br>                Defendant. | Chapter 7<br><br>Case No. 1:24-bk-11422 (LGB)<br><br>Adv. Proc. No. 1:24-ap-04036 (LGB)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING MODIFICATION OF THE AUTOMATIC STAY AND COORDINATION OF PROCEEDINGS** |

Yifat V. Schnur and Yifat V. Schnur, Esq., LLC ("Plaintiffs") and Debtor-Defendant John G. Balestriere ("Debtor" and, together with the Plaintiffs, the "Stipulating Parties"), by and through their respective undersigned counsel, hereby stipulate and agree (this "Stipulation"), in connection with the above-referenced adversary proceeding, as follows:

## RECITALS

**WHEREAS,** on October 31, 2018, Plaintiffs initiated an action in the Supreme Court of the State of New York, County of New York, Index No. 160095/2018 (the "State Court Action") against John G. Balestriere and others, asserting claims including defamation, malicious prosecution, intentional infliction of emotional distress, and

1

related torts, and seeking monetary damages arising from Defendants' alleged conduct;

**WHEREAS,** on August 16, 2024, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above-referenced bankruptcy case (the "Bankruptcy Case") and triggering the automatic stay pursuant to 11 U.S.C. § 362(a);

**WHEREAS**, on or about August 19, 2024, Albert Togut (the "Trustee") was appointed Chapter 7 trustee in the Bankruptcy Case; and

**WHEREAS,** Plaintiffs have commenced the above-referenced adversary proceeding, Adv. Proc. Case No. 1:24-ap-04036 (LGB) (the "Adversary Proceeding") seeking a determination that any debt arising from the State Court Action as against Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

**WHEREAS,** Debtor denies that he engaged in any of the misconduct alleged in the Adversary Proceeding and that he is liable to Plaintiffs in any way, prior to the commencement of this bankruptcy case;

**WHEREAS**, on October 23, 2025, this Court entered a Scheduling and Pre-Trial Order in the Adversary Proceeding (ECF No. 59) (the "Scheduling Order") that, *inter alia*, ordered the completion of fact discovery by December 11, 2025;

**WHEREAS**, consistent with the Scheduling Order, the Stipulating Parties served their respective discovery requests (the "Discovery Requests") at least thirty (30) days prior to the close of fact discovery and served their respective responses and objections to such Discovery Requests before the close of fact discovery on December 11, 2025; and

**WHEREAS**, following the close of fact discovery, the Stipulating Parties raised and met and conferred in good faith concerning certain purported deficiencies in their

adversary's responses to the Discovery Requests;

**WHEREAS**, on November 25, 2025, the Trustee filed a notice on the docket in the Bankruptcy Case (the "Trustee Notice") certifying that the Debtor's estate has been fully administered and requesting discharge of his duties;

**WHEREAS**, on December 24, 2025, Plaintiffs filed a limited objection and reservation of rights with respect to the Trustee Notice to the extent it would result in the closure of the Bankruptcy Case and discharge order as to the Debtor before the Adversary Proceeding is fully adjudicated on the merits (the "Limited Objection");

**WHEREAS**, on December 30, 2025, Debtor filed a reply to the Limited Objection asserting that the Bankruptcy Code, the Bankruptcy Rules and bankruptcy practice rendered the Limited Objection unnecessary (the "Reply");

**WHEREAS,** the parties agree that the determination of liability and the liquidation of damages, if any, is most efficiently adjudicated in the State Court Action, while the determination of dischargeability remains within the exclusive jurisdiction of this Court;

**WHEREAS,** the parties further agree that proceeding simultaneously with full merits discovery and litigation in both forums would be duplicative, inefficient, and burdensome to the parties and the Court; and

**WHEREAS,** the Stipulating Parties seek to further stipulate and agree on the terms set below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. **Recitals.** The above recitals are fully incorporated here in this Stipulation

as if fully set out herein.

2. **Modification of the Automatic Stay.** Pursuant to 11 U.S.C. § 362(d), the automatic stay is modified solely to permit Plaintiff to prosecute the State Court Action against the Debtor through final adjudication of liability and damages only, including discovery, motion practice, trial, and entry of judgment, and any ensuing appeals.

3. **No Enforcement of Judgment.** Nothing herein authorizes Plaintiff to enforce, collect, execute upon, or otherwise seek satisfaction of any judgment entered in the State Court Action against Debtor or property of the Debtor's bankruptcy estate, absent further order of this Court.

4. **Stay of Merits Litigation and Discovery in the Adversary Proceeding.** All discovery and substantive litigation in the Adversary Proceeding, including without limitation the deadlines set forth in the Scheduling Order, are hereby stayed pending final resolution of the State Court Action, except for matters relating to jurisdiction, scheduling, preservation of rights, or enforcement of this Stipulation.

5. **Tolling.** All applicable deadlines in the Adversary Proceeding, including those set forth in the Scheduling Order, are tolled during the pendency of stay provided herein.

6. **Pending Discovery in the Adversary Proceeding**. The Stipulating Parties reserve, and have not waived, their respective rights to raise any discovery disputes arising from the Discovery Requests and the responses thereto, including, without limitation, by moving to compel further responses to the Discovery Requests, after the stay of the Adversary Proceeding is lifted. While the Adversary Proceeding is

4

stayed pursuant to this Stipulation and until the Adversary Proceeding is finally adjudicated, the Stipulating Parties shall preserve and shall not modify, alter, destroy, or dispose of any materials that are the subject of the Discovery Requests.

7. **No Waiver or Admission.** This Stipulation is entered into solely to promote judicial economy and efficiency and shall not be deemed an admission of liability or damages, a concession regarding non-dischargeability, or a waiver of any rights, claims, or defenses in any forum for any of the parties to the Adversary Proceeding, as applicable.

8. **Reservation of Bankruptcy Court Jurisdiction.** Notwithstanding the Trustee Notice and the stay of the Adversary Proceeding set forth in this Stipulation, and with the Stipulating Parties' full reservation of the objections and reservation of rights set forth in the Limited Objection and the Reply: (a) the Court shall not issue any discharge order or final decree in the Bankruptcy Case that discharges any debt that is the subject of Plaintiffs' non-dischargeability claims in the Adversary Proceeding; (b) the Adversary Proceeding shall not be closed, and will remain open; and (c) this Court shall retain exclusive jurisdiction over the adjudication of the Adversary Proceeding and the matters raised therein, including the determination of the dischargeability of any debt of the Debtor determined in the State Court Action pursuant to 11 U.S.C. § 523(a)(6).

Dated: New York, New York
January 5, 2026

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| BARCLAY DAMON LLP | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| By: /s/ Janice B. Grubin<br>Janice B. Grubin<br>Ilan Markus<br>1270 Avenue of the Americas, Suite 2310<br>New York, New York 10020<br>Telephone: (212) 784-5800<br>jgrubin@barclaydamon.com<br>imarkus@barclaydamon.com<br><br>*and*<br><br>BALESTRIERE<br><br>By: /s/ Michael J. Weiner<br>Michael J. Weiner<br>28 Liberty St, 6th Floor<br>New York, New York 10005<br>Telephone: (212) 540 – 7362<br>michael.weiner@balestrierefirm.com<br><br>*Counsel for Debtor Defendant John G. Balestriere* | By: /s/ Jessica Meyers<br>Michael Gilbert<br>Jessica Meyers<br>Alyssa Paddock<br>Joshua Schlenger<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Tel.: (212) 653-8700<br>mgilbert@sheppardmullin.com<br>jmeyers@sheppardmullin.com<br>apaddock@sheppardmullin.com<br>jschlenger@sheppardmullin.com<br><br>*Attorneys for Yifat V. Schnur and Yifat V. Schnur LLC* |

SO ORDERED THIS ___ DAY OF [JANUARY __, 2025]

_____
The Honorable Lisa G Beckerman